# DECEMBER, 1905.

---

### ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. J. F. WHITE.

#### No. 1481. Decided December 4, 1905.

**1.—Passenger—Route—Misdirection by Ticket Agent.**

A railway is liable for the act of its ticket agent in routing a passenger applying to him for information as to the best way to reach his destination over lines involving a longer, less expeditious and more inconvenient journey. (Pp. 363–366.)

**2.—Same—Damages—Injuries on Other Roads.**

Liability for the wrong done by the ticket agent of a railway in misdirect-- ing a passenger applying to him for information as to the best route to his destination will not extend to injuries received upon other lines of railway by the failure of such other carriers to run their trains on time. (P. 365.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Bowie County.

White sued the railway company and obtained judgment. Defendant appealed and on affirmance obtained writ of error.

*Glass, Estes & King,* for plaintiff in error.—The Court of Civil Appeals held that, as a matter of law, a railway ticket agent has authority to make representations relative to routes of travel over other lines than the one by which he is employed, where such representations are made for the purpose of inducing parties to purchase tickets over his road, and that such acts are within the general scope of his apparent authority. The undisputed proof further showed that the company had furnished this particular agent with no coupon tickets, and that he could not sell a ticket beyond the line of defendant's road, except by writing to the general office for the particular party who desired to use it, and that, as a matter of fact, he sold plaintiff a ticket over defendant's road only so far as Lufkin. He did not sell a ticket further because he was not provided by the company with such tickets and when plaintiff reached Lufkin he bought separate and different transportation for the rest of his journey. Western U. Tel. Co. v. Edsall, 63 Texas, 669; Missouri, K. & T. Ry. Co. v. Belcher, 88 Texas, 549; Missouri, K. & T. Ry. Co. v. Belcher, 89 Texas, 428; Beauchamp v. International & G. N. Ry., 56 Texas, 241; International & G. N. Ry. v. Anderson, 82 Texas, 516.

The discomfort, and damages sustained by plaintiff's wife, beyond the line of defendant's road, was shown to be the result of the operation of such roads. The unexpected and unnecessary misconnections of such roads could not reasonably be anticipated by the appellant's agent, and over them appellant had no control.

*Horace W. Vaughan,* for defendant in error.—That the conduct of said agent at Maud constituted fraud see the following authorities: Mitchell v. Zimmerman, 4 Texas, 79; 51 Am. Dec., 717; Rose's notes in Texas Rep., vol. 1, pp. 133, 1314; Henderson v. San Antonio & M. G. Railroad Company, 17 Texas, 576; 67 Am. Dec. 675. Rose's notes on Texas Rep., vol. 1, p. 674; Pendarvis v. Gray, 41 Texas, 329; Loper v. Robinson, 54 Texas, 515. Rose's notes on Texas Rep., vol. 3, p. 66; Wright v. United States Mtg. Co., 42 S. W., 789; Beatty v. Bulger, 66 S. W., 893; Davis v. Driscoll, 22 Texas Civ. App., 16, 54 S. W., 44.

That plaintiff and his wife were passengers and defendant is liable whether the conduct, acts, representations of the agent were within the scope of his authority or not see following authorities: Dillingham v. Russell, 73 Texas, 47; Texas & Pacific Ry. Co. v. Jones, 39 S. W., 124; Texas & Pacific Ry. Co. v. Jones, 29 S. W., 499; St. Louis S. W. Ry. Co. of Texas v. Franklin, 44 S. W., 701; St. Louis, S. W. Ry. Co. of Texas v. Griffith, 12 Texas Civ. App., 631; Texas Midland R. R. v. Dean, 82 S. W., 524; Texas & Pacific Ry. Co. v. Armstrong, 93 Texas, 31.

That the acts and representations of said agent at Maude were within the scope of his authority, and defendant is liable whether plaintiff and his wife were passengers or not see following authorities: Texas & Pacific Ry. Co. v. Armstrong, 93 Texas, 31; Houston & T. C. Ry. Co. v. Bell, 73 S. W., 56. Same case (Sup. Ct. Decision), 97 Texas, 71; Eastern Mfg. Co. v. Brenk, 73 S. W., 538; Burnett v. Oechsner, 92 Texas, 588; Texas & Pac. Ry. Co. v. Hayden, 26 S. W., 331; City of

Ysleta v. Babbitt, 28 S. W., 702; Missouri, K. & T. Ry. Co. of Texas v. Edwards, 67 S. W., 891; Texas & Pac. Ry. Co. v. Parker, 68 S. W., 831, and the authorities there cited; Missouri, K. & T. Ry. Co. of Texas v. Warner, 19 Texas Civ. App., 468; Am. & Eng. Enc. of Law (2d ed.), vol. 20, pp. 163, 164, 165, 166, 169, 170, and vol. 1, pp. 1136, 1137, 1143, 1151; Dwinelle v. New York C. & H. R. Ry. Co., 8 L. R. A., 224; Krantz v. Rio Grande, etc., Ry. Co., 30 L. R. A., 297; Fick v. Chicago, etc., Ry. Co., 68 Wis., 469.

That it was the duty of said agent to furnish plaintiff with the information as to its line and its connections with other lines, and of the routes, see following authorities: Am. & Eng. Enc. Law (2d ed.), vol. 5, pp. 581, 582; Dwinelle v. New York C. & H. R. Ry. Co., 8 L. R. A., 224.

The paragraph of the charge complained of does not allow "recovery by plaintiff for any injury or damages suffered by plaintiff's wife anywhere on the trip from Maude to Kirbyville," as is incorrectly stated in the assignment, and it required proof of all the material allegations in the petition before authorizing the jury to find for plaintiff.

BROWN, ASSOCIATE JUSTICE.—In February, 1902, J. F. White, with his wife and two children, resided in Bowie County, Texas, near Maude, a station on the railroad of the plaintiff in error. There was no other railroad at that place. Desiring to remove with his family to Jasper County, Texas, near Kirbyville, White applied to the agent of the plaintiff in error for information as to the best route, telling him at the time that his wife was pregnant and in delicate health and he wished that way which would consume the least time and require the fewest number of changes. The agent told White that the best route was by Tyler and Lufkin. The plaintiff in error operated the road from Maude to Lufkin. The agent told White that he would have to change cars at Tyler, but that it would be only to go from one train to the other, that he would make connection at Tyler and reach Lufkin in the evening of the first day, where he would have to remain over night, but would get a train the next morning which would take him direct to Kirbyville. From Maude to Lufkin is about two hundred miles, and from Maude to Texarkana is eighteen miles: going by Lufkin the plaintiff in error carried White and family about one hundred and eighty miles more than it would if they had been routed by Texarkana. The agent did not tell White of a route that he might have gone by way of Texarkana over the plaintiff in error's road and thence over the Texarkana & Fort Smith and Kansas City Southern Railway to Beaumont, where he would take the Santa Fe direct to Kirbyville. By the latter route he would have left home in the morning at 5 o'clock, arriving at Beaumont that night, where he would have stopped over for the night, going on the next day and arriving at Kirbyville near noon of the second day. On the day that plaintiff was leaving Bowie County for his new home, he called upon the agent of the railroad company at Maude again and, before purchasing a ticket, asked him if he was sure that the route by Tyler and Lufkin was the best route, repeating to him the reasons which caused him to be anxious to secure the shortest and

best way. The agent again assured him that the route that he had suggested was the best, and, under this assurance, the plaintiff purchased tickets for himself and his wife from Maude to Lufkin and took the train of the plaintiff in error at Maude by which he was carried to Tyler; but the train was late and when they arrived there the train for Lufkin had departed and plaintiff and his wife were compelled to remain in Tyler all night and until the next day about 2 o'clock, at which time he got a train from Tyler to Lufkin and arrived at the latter place after dark, about 7:15 p. m.; remaining over at Lufkin until about 4 o'clock a. m. of the next day, plaintiff with his family got a train on the Houston, East & West Texas road to Cleveland, and, arriving there at 10 o'clock a. m. they had to remain over until about 9 o'clock p. m., at which time they took a train from Cleveland to Silsbee Junction on the Santa Fe road where they arrived at about 2 o'clock a. m. and remained there until about 7 o'clock in the morning, when they boarded the Santa Fe train which ran from Beaumont to Kirbyville, reaching the latter place near noon. Plaintiff and family were out four days and three nights and made four changes, whereas if they had gone by Texarkana there would have been two changes and they would have been one night and one day and a half on the way. On the way from Tyler to Lufkin the cars in which the plaintiff and his wife were riding were not heated, but were, as expressed by the witness, very cool and Mrs. White complained of being cool. On this trip she contracted a cold from which she afterward suffered. On arriving at Lufkin the plaintiff and his wife had to disembark in the night, there being no lights at the depot and they could not see where to step in getting off the car—Mr. White had the two children in his arms, was carrying a grip and could not assist his wife in alighting. There was no stool on which to step in getting down from the steps of the cars and no conductor nor brakeman at the place to assist Mrs. White so that in alighting she had to make a long step down and in doing so she was injured which she felt at the time and of which she then complained. Mrs. White suffered from this injury from that time on until she arrived at her father's house and subsequently. Mrs. White's father and mother, who lived in the country four miles from Kirbyville, came with a wagon to meet them and carried the family out to the country home. As soon as she arrived there Mrs. White went to bed; she was suffering from the injury received at Lufkin, and from the cold she had contracted. She was in bed seven weeks during which time the child was born dead. Mrs. White continued to suffer and has since then suffered from falling of the womb which she never had before. She still suffers from that trouble. She had been before this trip a strong and healthy woman, able to do her house work and attend to all the business of a housewife. Since that time she has not been as strong as she was before her injury.

As the Honorable Court of Civil Appeals did not file any findings of fact we have been under the necessity of examining the statement of facts and making the foregoing statement for the purpose of determining whether there was error in the rulings of the court as complained of. The statement presents the conclusions most favorable to the plaintiff

under the facts proved, which is the view that this court must take of the evidence.

The application for writ of error presents the following propositions: First, that the plaintiff in error should not be held liable for the misrepresentations made by its agent Smith to White concerning the route which the latter should take to Kirbyville. Second, that the trial court erred in the third paragraph of its charge to the jury, because it authorized the jury to assess damages in favor of White against this railroad company for delays, inconveniences and injuries that occurred upon other lines of railroad through the failure of other railroad companies to run their trains on schedule time.

When a railroad company authorizes an agent to sell tickets over its line, such agent has authority and it is his duty, upon application made to him, to furnish information to persons desiring to purchase tickets over the road he represents as to the proper trains upon which to travel, and whether such trains will stop at the station to which the ticket is sold, and other like information regarding the use of the ticket. Burnham v. Grand Trunk Ry. Co., 63 Me., 302; Central Ry. Co. v. Roberts, 91 Ga., 513; Alabama G. So. Ry. Co. v. Heddleston, 82 Ala., 218; Lake Shore & M. S. Ry. Co. v. Pierce, 47 Mich., 277; Gulf, C. & S. F. Ry. Co. v. Moorman, 46 S. W., 662; Texas & P. Ry. Co. v. Armstrong, 93 Texas, 31.

If at the time he sold the tickets the agent represented to White that the best route to Kirbyville was by way of Tyler and Lufkin over the road of this company when in fact there was a better and more convenient route over the road of the said company by Texarkana, then the plaintiff in error should be held responsible for all damages which were proximately caused by the misdirection of the agent.

It was the duty of White to inform himself as to the best route to be taken by him from Maude to Kirbyville, which suggests the reciprocal obligation on part of the railroad company to furnish the information, and the circumstances would naturally suggest to the passenger to inquire of the person who sold the ticket to him.

In the case of Burham v. Railway Company, above cited, the court in discussing the duty of the purchaser of a ticket to inform himself as to the running of trains to his destination, said: "To whom shall he go to obtain it? To whom can he go but to the person appointed by the company for the purpose of giving such information, and selling the proper ticket?" The court held in that case that the statement of the ticket agent bound his principal, although the company claimed that he was not authorized to make such statement.

In Lake Shore & Mich. S. Ry. Co. v. Pierce, above cited, in discussing the right of the purchaser to rely upon the statements of the agent, the court said: "It is the business of the agents who contract with passengers for their fare to have the means of directing them safely, and such an agent is universally resorted to for such information by strangers who have occasion to obtain such guidance. When, as in this case, the attention of the agent was distinctly called to the desire of Pierce to know what trains he could rely on to bring him to Batavia in season for his purposes, we think he had a right to rely on the correctness of the in-

formation received, and to act on it at least until informed to the contrary."

In Railway Company v. Moorman, before cited, the facts in brief were, that at the station of Moody on the line of the Gulf, Colorado & Santa Fe Railroad the agent habitually permitted the porter, Brown, to sell tickets in the office for such length of time that the court said the railroad company was charged with notice of the fact. A passenger applied for a ticket to Temple and return, and inquired if he could return on the night train on that ticket. Brown sold the ticket and told the purchaser he could go on the ticket to Temple and return on the night train, which would stop and let him off at Moody. The passenger went from Moody to Temple and, on his return trip on the night train, the conductor refused to stop at Moody to permit him to get off and carried him beyond his destination to McGregor. The Court of Civil Appeals, speaking through Chief Justice Fisher, held that the railroad company was bound by the statement of the person who sold the ticket, and affirmed a judgment for damages against the railroad company.

In Railway Company v. Armstrong, cited above, the facts were very similar to this case. We will not recite the facts, but it is sufficient to state that the agent of the Texas & Pacific Railroad Company at Paris, Texas, upon application of a man to buy a ticket for his sister to a station named Tucker in the Indian Territory, undertook by examination of the maps to determine what was the best route for the passenger to take in order to reach Tucker. The agent sold a ticket from Paris over that road to Whitesboro, thence over the Missouri, Kansas & Texas Railroad to Henrietta, thence by the Fort Worth & Denver City Railroad to a station called Newland in Hall County, Texas. The proper route for the passenger to go was the same as far as Gainesville, thence north on the Gulf, Colorado & Santa Fe Railroad and Atchison, Topeka & Santa Fe Railroad to Winfield, Kansas, and thence to Tucker by the last road. Mrs. Armstrong with her children went as far as Henrietta and, discovering that she was on the wrong road, stopped and was compelled to remain there for several days to get her ticket corrected, during which time she was greatly inconvenienced and suffered mental anguish. The case as presented in the 93d Texas, above cited, does not raise the question that we are now discussing; it was submitted to this court on certified question, but we refer to it for the facts. The railroad company claimed, as in this case, that the agent had no authority to direct the passenger in the selection of the route, but the Court of Civil Appeals for the Third District decided the case adversely to that claim, holding that the railroad company was liable for the misstatements and misrepresentations of its agent in selling the ticket. The case is reported in 53d Southwestern, page 1119. The railroad company made application to this court for a writ of error upon the ground of its nonliability for the statements and misrepresentations of its agent, which application was refused. In that case the agent sold the ticket over the connecting lines, which distinguishes that from this case; but that case is authority for holding the railroad company liable for misrepresentations of its agent as to its own line.

Assuming that the facts stated are true, we hold that White is entitled to recover from the railroad company compensation for any injury that may have resulted to his wife from any negligence of defendant on its own line and for any injury she may have suffered on account of having to make a greater number of changes of trains than would have been required to be made if she had gone by Texarkana; also for any injury that Mrs. White sustained from being necessarily on the way longer than she would have been if she had gone the Texarkana route, excluding any delay which may have occurred from a failure of the trains over other railroads to be run on their schedule time.

In the third paragraph of the charge the trial court grouped and submitted to the jury, to be determined by them, the facts claimed by the plaintiff to have been established by the evidence, and charged the jury that if they found the facts so grouped to be true, "and if you further believe from the evidence that the plaintiff's wife, Mrs. E. E. White, was injured and that her injuries were directly caused by reason of the fact that she made the trip over the route by way of Tyler and Lufkin, and that she would not have received such injuries if she had gone the route by way of Texarkana, then you will find for the plaintiff on this particular charge of negligence." The terms of the charge embrace all of the delays, inconveniences and injuries which occurred to Mrs. White between Lufkin and Kirbyville without regard to the negligence of those carriers which transported her between those points. The effect of the charge is to make the plaintiff in error responsible for whatever occurred upon those roads the same as if they had been operated by this company. The plaintiff's cause of action rested upon the proposition that, by the misrepresentations of the agent at Maude, plaintiff and his family were caused to go in a wrong direction on the railroad of the plaintiff in error, which placed them in a position that necessarily caused them delays and inconvenience to the detriment of his wife; and, to hold the St. Louis & Southwestern Railroad Company liable for delays on other roads, the plaintiff must prove that such delays were not caused by failure of such other roads to run their trains on time nor by other negligence of said railroad companies.

It was error to give the charge complained of, for which the judgments of the district court and Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and Remanded.*

### On Motion for Rehearing.

Counsel for the railroad company suggest that the opinion in this case is susceptible of the construction that this court holds that a ticket agent of a railroad company is required to give information concerning the route to be taken by a passenger beyond the line of the road for which he is agent. We think the opinion is not fairly susceptible of that interpretation, but, to avoid any misunderstanding, we will state that the authoritative scope of the opinion is confined to the conclusion that it is within the scope of the authority of one who sells tickets for a railroad company to give information to persons purchasing tickets con-

cerning the route to be traveled in using the ticket, and when an agent undertakes to give such information, his principal will be responsible if he should mislead the passenger to his injury. The question of liability of a railroad company for failure of its agent to give such information, on request, is not passed upon; it was not in the case.

Motion for rehearing is overruled.

Filed December 21, 1905.