8438

SCHOCKLEY v. SOUTHERN RY.

1. CARRIER—PASSENGER.—Where an agent of a carrier agrees to inform a passenger when a train leaves a station, the carrier is liable for failure of agent to do so, if his failure is negligent.

2. IBID.—IBID.—PUNITIVE DAMAGES.—Evidence that a lady traveling alone, sick and nervous, with an infant, informs an agent of a carrier that it is important that she take a train leaving his station and repeatedly asks him to inform her of the time of the train's departure, which he promises to do, but fails, and when accosted by her after the train has left uses insulting language to her and does not do anything nor try to do anything to assist her, will support a verdict for punitive damages.

Before Copes, J., Orangeburg, June, 1912.    Affirmed.

Action by Mamie Schockley against Southern Railway Company.    Defendant appeals.

*Messrs. Raysor & Summers,* for appellants, cite : *Plaintiff must show departure of train was not announced:* 54 S. W. 1090; 42 S. E. 42; 33 S. W. 285; 30 S. W. 1113; 48 Am. R. 74; 50 S. E. 88; 19 Am. R. 703; 17 Pac. 54; 45 S. E. 23; 32 S. W. 42; 59 Ill. 620; 45 S. W. 324; 67 S. C. 61; 47 N. E. 186.    *Act of agent was merely negligent:* 34 S. E. 283; 60 S. C. 48; 16 Cyc. 293; 32 S. C. 568; 65 S. C. 122; 53 S. C. 210; 57 S. C. 228; 50 L. R. A. 850.

*Mr. Adam H. Moss,* contra, cites: *Duty of Blackville agent to render plaintiff special assistance:* 27 S. C. 271; 41 S. C. 441; 62 S. C. 142; 88 S. C. 426, 447; 71 S. C. 449; 64 S. C. 514; 69 S. C. 327; 71 S. C. 450.    *Wilful failure to perform this duty supports punitive damages:* 91 S. C. 77; 75 S. C. 289; 75 S. C. 293; 72 S. C. 442; 77 S. C. 56; 68 S. C. 100; 76 S. C. 193; 90 S. C. 358; 92 S. C. 197.    *Uncomfortable waiting room shows reckless disregard of plaintiff's rights:* 88 S. C. 452.

February 15, 1913.    The opinion of the Court was delivered by

Mr. Justice Fraser.    This is an action brought by the respondent against the appellant for negligence.    Plaintiff alleges that she was a passenger on defendant's train on her way to Augusta, Georgia.    That it was necessary for her to reach Augusta as quickly as possible and in order to do so, she was advised to go to a station on defendant's road called Blackville, where she arrived about two o'clock in the morning.    That the agents of the defendant told her that she could catch a train for Augusta at four o'clock a. m., and that the train would reach Augusta in time to enable her to

transact her business and leave Augusta that afternoon. That she informed the agent at Blackville that it was very important for her to reach Augusta on that train. That she was sick and was traveling alone except her baby in her arms. That she requested the agent repeatedly to notify her of the arrival of her train as she might not know when it came, and that the agent promised her to notify her. That the agent failed to notify her and after her train had left she again applied for information and was told in an insulting manner that her train had left twenty minutes, and the agent then refused to answer inquiries. That the failure to notify her was wilful, wanton, reckless and malicious, and she was damaged two thousand dollars.

The defendant, by way of answer, made a general denial. The cause was tried and resulted in a verdict for the plaintiff for seven hundred and fifty dollars. From the judgment entered on this verdict, the defendant appealed upon six exceptions. The first is as follows:

"Because his Honor, the presiding Judge, erred in charging the jury, at the plaintiff's request, 'that when a passenger requests a common carrier to notify him of the arrival of a train, in time to board the train, that it is the duty of the common carrier to so notify that passenger.' "

His Honor did not leave the subject there. He at once qualified the charge and afterwards specifically stated that the plaintiff must show negligence in order to recover. This Court has held repeatedly and recently that if the agents of a railroad undertakes to give information they must give correct information. The plaintiff testified that the agent undertook and promised to notify her and did not do so. It is true the agent denied it, and its conductor said that he went to the waiting room and announced the departure of the train. In reply the plaintiff was asked: "Was that train announced then? It certainly was not. Did you go to sleep there? No, sir; I did not."

There was testimony, therefore, that made the charge as modified pertinent and this exception is overruled.

The other five exceptions will be considered together, as they raise but a single question:

II. "Because his Honor, the presiding Judge, erred in refusing the motion of the defendant made at the close of plaintiff's case for the direction of a verdict as to punitive damages.

III. "Because his Honor, the presiding Judge, refused to charge defendant's requests 'that under the testimony in this case there can be no recovery for punitive damages, as there was no evidence of wantonness or recklessness or of a conscious disregard of the rights of the plaintiff.'

IV. "Because his Honor, the presiding Judge, erred in charging the jury that 'if the evidence satisfies you by its preponderance that the defendant was wilful and wanton in any of the particulars alleged in the complaint and that that wilfulness and wantonness was the direct and proximate cause of the plaintiff's injury, if she was injured, then in addition to actual damages she would be entitled to recover punitive damages,' when there was no evidence that defendant was wilful and wanton in any of the particulars alleged in the complaint.

V. "Because his Honor, the presiding Judge, erred in refusing the motion for a new trial on the ground that there was no evidence to support a verdict for punitive damages.

VI. "Because his Honor, the presiding Judge, after charging the jury, 'that if the evidence satisfies you by its preponderance, that the defendant was wilful and wanton in any of the particulars alleged in the complaint and that that wilfulness and wantonness was the direct and proximate cause of the plaintiff's injury, if she was injured, then in addition to actual damages she would be entitled to recover punitive damages,' erred in not granting a new trial as there was no evidence that the defendant was wilful and wanton in any of the particulars alleged in the complaint and

no evidence upon which wilfulness or wantonness could be inferred."

All these exceptions raise the single question as to whether there was any evidence to support punitive damages. There was testimony that the plaintiff, a woman traveling alone except her baby in her arms, in a strange place, sick and nervous, applied to the agent and states that she was hurrying to complete important business and asks help to catch her train. That the agent promises the assistance, did not render it, and then becomes insulting and heedless of her appeals for help. The agent does not claim to have done anything or tried to have done anything to help after he knew that she had been left and was in trouble. It is true some of this was denied, but this Court cannot say that there was no evidence upon which to base punitive damages, and these exceptions are overruled.

The judgment of this Court is that the judgment appealed from is affirmed.