CROWN COACH COMPANY v. MEADORS.

4-2663

Opinion delivered October 10, 1932.

*James B. McDonough,* for appellant.

*Partain & Agee,* for appellee.

MEHAFFY, J. The appellee brought this suit for damages, claimed to have been suffered by him, by reason of the negligence and carelessness of appellant, in giving appellee erroneous information as to whether the bus of appellant had already left Van Buren, Arkansas.

The appellant is a corporation organized under the laws of Missouri, and owns and operates a bus line through the States of Missouri, Arkansas, and other States, and operates upon a regular schedule through Crawford County, Arkansas.

Appellee alleged that on August 28, 1931, he received a message informing him of the serious illness of his daughter at Harrison, Arkansas, and that she was going to be operated upon immediately for appendicitis; that when he received the message he went to the ticket office of appellant in Van Buren, which was located in a drug store, and asked when he could obtain passage on one of appellant's busses to Springdale, Arkansas, so that he could go there and then continue his journey at the earliest possible moment; that the agent of appellant carelessly, negligently and wrongfully informed appellee that the bus had already gone, and there was no other bus or means of transportation that day; that said bus had not in fact gone, but left the city of Van Buren 15 or 20 minutes later, but that appellee relied on the information and was unable to catch the bus, and because of the wrongful information given him, he was delayed several hours in arriving at the bedside of his daughter, and was forced to make a part of the trip in an open car, and the exposure caused him to have a severe cold, and he became sick and suffered great mental agony on account of being deprived of being present at the bedside of his daughter during her illness and during the operation. He alleged that he was damaged in the sum of $2,500.

The appellant filed answer admitting that it was a corporation, and was operating busses for the transportation of passengers in and through Crawford County, Arkansas, and admitting that its busses stopped at or near the Palace Drug Store to permit passengers to alight and to take on passengers, and denied all the other material allegations of the complaint.

It also alleged that appellee was guilty of contributory negligence, and that he assumed the risk. It also

alleged that there were other means of traveling to Harrison, Arkansas, and that appellee could have gone much more directly and quickly by other means of travel. Appellant also filed motion to quash service.

There was a jury trial and a verdict for $200, and the case is here on appeal.

It is admitted that appellant is a public carrier; that it operates its busses on regular schedule; and that the drug store where appellant claims to have gone for information is a regular stop for discharging and taking on passengers; and that its agents there sell tickets.

Appellant insists that the relation of passenger and carrier never existed between appellant and appellee, and that the court should have directed a verdict for appellant.

The appellee testified that he had received a message advising him of the serious illness of his daughter, and that an operation would be performed almost immediately; that he desired to go to Harrison by way of Springdale because his wife was at Springdale, and it was his intention that he go to Springdale, get his wife, and that both of them make the trip to be with their daughter.

The appellant operated a bus from Van Buren to Springdale. It was appellee's intention to take passage on this bus to Springdale, and then he and his wife would get other conveyance to Harrison.

He went to the ticket agent at the drug store, Mr. Triplett, and inquired of him the time the bus would leave for Springdale. Mr. Triplett told him it had already gone. Relying on that information, and knowing that there was no other means of transportation to Springdale until late in the afternoon, he went to a restaurant to get lunch, and then saw the bus leaving the city of Van Buren.

If the agent of appellant had given the correct information, he would have taken passage on this bus, and would have arrived at Springdale several hours earlier than he did arrive, and would have taken passage from there on some conveyance other than appellant's bus.

After the bus had left Van Buren appellee went to Springdale on the six o'clock train, the first conveyance by which he could go to Springdale. It took him about 30 minutes to get his wife and get a conveyance from Springdale to Harrison. They drove practically all night, arriving at Harrison about six o'clock in the morning. The weather was inclement; there was a heavy fog, and it was necessary to keep the door open a great portion of the time in order that they could see to drive. From this exposure he contracted a severe cold, and became sick and was treated by a physician. He paid a man $10 to take him and his wife in his car from Springdale to Harrison.

This evidence of appellee was corroborated by other evidence.

Triplett testified that he did not remember seeing the plaintiff that day; he did not think he gave him the information about the bus, but did not remember. Other clerks in the drug store who sold tickets also testified that they did not remember about the matter.

As to whether appellee went to the drug store and asked for information about the bus, and as to whether Triplett told him it had already gone, were questions of fact for the jury.

Appellant first contends that there is no liability because the relation of carrier and passenger never existed. A common carrier of passengers owes a duty to the public, and to any one of the public intending to become a passenger who applies to the agent for information as to the arrival and departure of trains or busses.

"It is the duty of a carrier to furnish intending passenger with such information, instructions and directions as to its own system or course of conduct as may reasonably be necessary to enable them to pursue their journey, and the passenger has the right to rely upon the representations and replies to inquiries made by him of the proper agents or employees of the carrier. Thus when a railroad company authorizes an agent to sell tickets

over its line, such agent has authority and it is his duty, upon application made to him, to furnish information to persons desiring to purchase tickets over the road he represents as to the proper trains upon which to travel, and whether such trains will stop at the station to which the ticket is sold, and other like information regarding the use of the ticket. It is also the duty of the carrier to give a passenger reasonable notice of the necessity for changing cars at junction points." 4 R. C. L. 1068.

When one intending to take passage applies to the ticket agent of the carrier for information as to the arrival and departure of its trains or busses, it is the duty of the agent to give correct information, and the person intending to take passage has a right to rely on the information given him by the agent. In such case, if the agent of the carrier gives erroneous information which results in damage to the person applying for information, the carrier is liable if its negligence is the proximate cause of the injury. *St. Louis S. W. Ry. Co.* v. *White,* 99 Tex. 359, 89 S. W. 746, 2 L. R. A. (N. S.) 110, 122 Am. St. Rep. 631; *Shockley* v. *So. Ry. Co.,* 93 S. C. 533, 77 S. E. 221; Hutchinson on Carriers, vol. 3, 1240.

It was, of course, the duty of the appellee to exercise ordinary care; but, when he received information that his daughter was seriously ill, he had a right to go to her bedside, and to take passage on whatever conveyance he could, exercising reasonable care. If he did what a person of ordinary prudence would have done under the circumstances, he was not guilty of contributory negligence, and his acts, if not guilty of contributory negligence, would not prevent him from recovering damages for the wrongful conduct of appellant, if such conduct was the proximate cause of his injury.

Appellant contends that some of the instructions given at the request of the appellee were erroneous, and that the court refused to give instructions requested by the appellant which should have been given. The instructions are lengthy, and we do not deem it necessary to set

them out. We have carefully examined all the instruc-tions given by the court, and the instructions, as a whole, fairly submitted the case to the jury.

The jury returned a verdict for $200, and it is not contended that the verdict is excessive. The questions as to the negligence of the appellant and the contributory negligence of the appellee were submitted to the jury on correct instructions, and their findings of fact are conclusive here.

There was substantial evidence to support the verdict, and the judgment is affirmed.