# Southern Railway Co. *v.* Nowlin.

*Action for Failure to Inform Passenger of Quickest Route of Travel.*

(Decided June 30, 1908. Rehearing denied July 3, 1908. 47 South. 180.)

1. *Carriers; Agents; Authority; Best Route.*—Where the carrier maintained an office for the purpose, among others of giving information to prospective passengers in reference to route of travel, an agent placed therein by the carrier is acting within the line and scope of his authority in representing to such prospective passenger that a designated route was the best and quickest route.

2. *Same; Liability for Misdirection.*—The carrier is liable for any injury proximately resulting from a negligent failure of the agent of the carrier to inform the passenger as to the best and quickest route of travel upon inquiry made by the passenger; and this is true though the passenger had the opportunity of consulting the rail-

road guide from which the carrier got its information as to routes, and did not purchase a ticket until the following day, if in purchasing the ticket the passenger relied on the information given.

3. *Same; Damages; Excessive Damages.*—Where as a result of a misdirection the route chosen was slower and less desirable, and the passenger was compelled to make four or five stops, and as many changes of cars, and in one or two instances being required to travel on a freight train to make connection, and was two or three days in making the trip, part of which time the passenger was compelled to stand and was greatly shaken, and the passenger was in ill health, which was communicated to the carrier at the time of the purchase of the ticket, and as a result was put to expense for medicine and medical attention, and was made sick, a judgment for $1,500 is not excessive.  (Simpson and Anderson, J., dissent.)

4. *Appeal and Error; Assignment of Error; General.*—An assignment of error that "the court separately and severally erred in refusing to give each of defendant's requested written charges, numbered respectively 1, 2, 6, 7, 8, 8 1-2, 9 and 11" is not in compliance with Rule 1, Supreme Court Practice, and is too general to cause consideration of the question sought to be raised.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Josephine Nowlin against the Southern Railway Company for negligent failure to inform her as to the best and quickest route of travel. Judgment for plaintiff for $1,500, and defendant appeals. Affirmed.

The complaint was in the following language: "Plaintiff claims of defendants $1,999 as damages, for that heretofore ,to wit, on the 16th day of June 1904, defendant was a common carrier of passengers for hire and reward by means of trains upon railways, and defendant and companies with connecting lines of railway were engaged in the business of common carriers of passengers from Birmingham, Ala., to Lumberton, N. C., and there were two routes over which a passenger could travel by rail from said Birmingham to said Lumberton, over a part of both of which routes defendant operated trains for the carriage of passengers; that at said time defendant maintained in said Birmingham an office for the purpose, among others, of giving in-

formation to intending passengers in reference to routes
of travel, and plaintiff not knowing the best and quick-
est routes of travel from said Birmingham to said Lum-
berton, and being in delicate health, through her agent,
proposing that plaintiff travel from said Birmingham
to said Lumberton, over one or the other of said
routes, over either of which plaintiff would be
defendant's passenger at least part of the way, in-
quired of defendant at its office in said Birm-
ingham the best and quickest route from said Bir-
mingham to said Lumberton, and in connection with
said inquiry informed defendant of said condition of
her health. It therefore became and was defendant's
duty to plaintiff to use diligence to correctly inform
plaintiff as to said route; but, notwithstanding said
duty, defendant at said office told plaintiff, through her
said agent, that the route via Asheville, N. C., was the
quickest and best route to said Lumberton, and, act-
ing upon what defendant so told plaintiff, she did pur-
chase a ticket from the common agent of the defendant
and other railways for passage over said route via Ashe-
ville, a part of the purchase price of which moved to the
defendant, and did on, to wit, the 16th day of June,
1904, and the succeeding day, travel over said route,
over a part of which route she was carried by defendant
as its passenger, and over another part or parts by con-
nections of defendant's railway. Plaintiff avers that
said route via Asheville, N. C., was not the best and
quickest route to said Lumberton from said Birming-
ham, but was slower and less desirable than another
route, to wit, the route via Atlanta, Ga.; and plaintiff
avers that as a proximate consequence of going by the
said route via Asheville she was greatly delayed in her
journey, was required to change cars a great number
of times, towit, four times, was carried by freight

train or mixed train a long distance, to wit, 100 miles, was compelled to stand upon her feet for a long time, was greatly shaken by the rough or irregular movements of the train, and, being in delicate health, said condition of her health was greatly aggravated, she was made sore and sick, suffered great mental and physical pain, lost much time, her health and physical stamina were greatly and permanently impaired, and she was put to great trouble, inconvenience, and expense for medicine, medical attention, care, and nursing in or about her efforts to heal and cure her said wounds and injuries. Plaintiff alleges that she went by the said route via Asheville as aforesaid, and suffered said injuries and damages, by reason and as a proximate consequence of the negligence of the defendant, in this: Defendant negligently misinformed plaintiff, through her agent as aforesaid, that said route via Asheville was the best and quickest route from said Birmingham to said Lumberton." The above is the count as amended.

The following demurrers were filed thereto: "(1) Said count does not state facts sufficient to constitute a cause of action against this defendant. (2) It fails to allege or show that there was a sufficient, or any, consideration that passed from plaintiff to defendant which would make defendant liable in damages, even through the information given was false. (3) Said count fails to allege or show that plaintiff paid any railroad fare to defendant, or that by reason of, or as a consequence of, said representations any contract was entered into between plaintiff and defendant. (4) It fails to sufficiently aver or show that defendant, or its agent or servant, acting within the line or scope of his employment in that behalf, was guilty of negligence proximately causing the injuries complained of, and

does not sufficiently show any breach of duty by the defendant or its said agent of which plaintiff can complain."

The evidence for plaintiff tended to show that, the way she was routed by the ticket sold her, she had to make four or five stops and as many changes of cars, in one or two instances taking a freight to make connections, and that she was two days in making the trip, having to stand a part of the time on account of the crowded condition of the train; that when she started on the trip she was in poor physical condition; and that she communicated this fact to the agent from whom she purchased the ticket. The physicians testified that her condition was worse after the trip than before it.

The eighth assignment of error is in the following language: "The court separately and severally erred in refusing to give each of defendant's requested written charges, numbered, respectively, 1, 2, 6, 7, 8, 8½, 9, and 11."

JAMES WEATHERLY, for appellant. · An intending passenger cannot rely blindly on the statements of others but must use reasonably efforts to inform himself of routes from official information.—Hutchinson on Carriers, sec. 604 to 607. No direction given to the passenger by the agent or carrier will justify the passenger in incurring a plain hazard.—S. & N. Ala. Ry. Co. v. Schaufler, 75 Ala. 136; Hutchinson on Carriers, sec. 661, note 2. The representation of the agent was not a part of the res gestae of the contract of transportation, and is not binding on the company.—R. R. Co. v. Halse, 72 Ala. 112; Ackerson R. R. Co. v. Camerson 66 Fed. 709. The damages are excessive.—Bir E. Co. v. Ward, 124 Ala. 409.

[Southern Railway Co. v. Nowlin.]

BOWMAN, HARSH & BEDDOW, for appellee. The bill of exceptions should be stricken.—Acts 1888-9, p. 801; Secs. 616-618, Code 1896. The assignment of error as to charges is too general.—141 Ala. 551; 136 Ala. 633; 37 South. 395; 38 South. 751.

DOWDELL, J.—The complaint contained two counts. The second count was eliminated on charge requested by the defendant, appellant here. The first count, after the last amendment, and to which the demurrer of the defendant filed to it before amendment was refiled, was good against any of the grounds stated in the demurrer. The count, as amended, stated a sufficient cause of action. On the facts stated in said count as amended, and which need not be here repeated, the agent giving the alleged information was acting within the scope of his authority, and the plaintiff had the right to rely and act upon the information given by him in purchasing her ticket, and the defendant company would be liable in damages to the plaintiff for injury proximately resulting from the negligence of such agent.

It is unimportant that the plaintiff did not purchase her ticket until the next day after receiving the information, if she purchased it relying upon the information so received. Nor is it of any consequense that the plaintiff had the opportunity of consulting the official railroad guide as to routes and schedules, from which it is urged in argument of appellant's counsel that the agent got his information. In its facts the case before us is very much like the case of *St. Louis Southwestern Ry. Co. v. White,* 99 Tex. 359, 89 S. W. 746, 2 L. R. A. (N. S.) 110, in which the law was held by the Supreme Court of Texas to be as we have here ruled.

[Dilburn, Admr., v. L. & N. R. R. Co.]

There was evidence which tended to support each and every allegation in the complaint. The evidence has been carefully considered, and we are not prepared to say that the trial court erred in overruling the motion for a new trial on the ground that the verdict of the jury was excessive.

The eighth assignment of error does not comply with rule 1 of Supreme Court Practice (20 South. iv), in that it is too general. Questions, therefore, sought to be raised by this assignment, are not to be considered. —*Williams v. Coosa Mfg. Co.* 138 Ala. 673, 33 South. 1015; *Ferrell v. City of Opelika,* 144 Ala. 135, 39 South. 249.

Affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur. SIMPSON and ANDERSON, JJ., dissent, being of the opinion that the verdict is excessive and that the motion for a new trial should be granted.