# Jordan *v.* Rice.

*Assumpsit.*

(Decided June 30, 1910. Rehearing denied Dec. 16, 1909. 51 South.
517.)

*Appeal and Error; Assignment; Character; Consideration.*—An
assignment of error which asserts that the court erred in refusing
each of the following written charges, to-wit, 1, 2, 3, 4, 5, 6 and 7,
asked by appellant, is too general to require a separate review of
each. charge, and cannot avail appellant unless each of said charges
should have been given. ,
(McClellan, J., dissents.)

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by Mollie C. Jordan against Charles H.
Moore, aided by garnishment, in which Thomas R. Rice
intervened, claiming the funds garnished. From a judg-
ment for claimant, plaintiff appeals. Affirmed.

See, also, 151 Ala. 523, 44 South. 93.

The charge referred to in the dissenting opinion
are as follows: (1) Affirmative charge to find for the
plaintiff. (2) "The court charges the jury that, if they
believe the evidence, the claim of Rice is not sustained,
and as to him they must find for the plaintiff." (3)
"The court charges the jury that the burden is upon
Rice to prove that at the time of the transfer of the
judgment Moore was then indebted to him for the land,
and if the fact is that Moore was not to become in-
debted to Rice for the land until Rice got the money
and the judgment, then this transfer would be invalid."
(4) "A transfer made to Rice before service of the gar-
nishment of the judgment in favor of Moore, with the
agreement between him and Moore that, if Moore got
the money on his judgment, Rice would sell him some

land for it, would be invalid as against this plaintiff."
(4) "The court charges the jury that, in order to con-
stitute a valid transfer of the right, it must be proven
that the judgment was transferred in absolute payment
of a then existing debt due by Moore to Rice." (6) "If
Moore was insolvent, and if Rice knew this, and if the
transfer to Rice by Moore was absolute in form, but
was in fact intended only as a security for a debt, then
the transfer would be void, and in such case your ver-
dict would be for the plaintiff." (7) " The court
charges the jury that the sole contract between Moore
and Rice is the writing given Rice by Moore, and if said
Moore was indebted by said judgment to plaintiff, and
if according to that writing Rice was not to convey the
land to Moore until Rice got the money out of the judg-
ment against the railroad company, and that in the
meantime Moore should occupy the land as a tenant of
Rice and pay him rent thereon, then under such circum-
stances Moore did not become indebted to Rice for the
land, and in that case your verdict should be for plain-
tiff, as to the claim of Rice." (8) "If the consideration
of the transfer to Rice, if one was made, was to be the
payment of a debt for supplies, and also in payment of
the agreed price of the land, but if credit was not to be
given until Rice got the money, then if Moore was in-
solvent, and Rice new it, the transfer would be void."

STREET & ISBEL, for appellant. Before the statute
(Code 3016) an exception to the refusal of the charges
couched in the same language as this assignment would
have presented each charge for separate review on ap-
peal.—*Lehman v. Bibb,* 55 Ala. 411; *Phoenix I. Co. v.
Moog,* 81 Ala. 335; *Alston v. The State,* 109 Ala. 51.
Rule 1 of the Supreme Court expressly declares that in
assigning errors it shall be sufficient to state concisely in

what the errors consist, and the assignment follows the rule.—64 Mich. 693; 46 Ia. 481; 70 Ia. 623; 2 Ency P. & P. 950 and notes.

E. O. McCord, for appellee. The assignment of error is too general to require consideration and cannot avail the appellant unless it was error to refuse each one of the charges requested.—*Ashford v. Ashford*, 136 Ala. 633; *Williams v. Coosa Mfg. Co.,* 138 Ala. 673; *Western Ry. v. Arnett,* 137 Ala. 414.

MAYFIELD, J.—The only assignment of error on the record is as follows: "The court erred in refusing each of the following written charges, to wit: Nos. 1, 2, 3, 4, 5, 6, 7, and 8, asked by appellant." This assignment is too general to authorize a separate review of the several charges so numbered. The appellant can take nothing by the assignment unless each of the charges so numbered should have been given. Some of these charges are palpably bad, and were unquestionably properly refused; nor do we mean here to intimate that any one of them should have been given.

The insistence of counsel, in his brief, is as general, or more so, if possible, than his assignment of error. After arguing that a certain transfer and assignment of a judgment was void, and also that it was in trust for the transferror, the argument concludes: "The charges, Nos. 1, 2, 3, 4, 5, 6, 7, and 8, requested by the plaintiff, should therefore have been given. The refusal of each is insisted upon separately.—Code 1907, § 4287, and cases cited." No reason is assigned why any particular charge should have been given, but they are all argued together. Many of these charges, if not all, being properly refused, the judgment of the trial court must be affirmed.—*Ashford v. Ashford,* 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82.

Affirmed.

[Jordan v. Rice.]

SIMPSON, ANDERSON, DENSON, and SAYRE, JJ., concur.

MCCLELLAN, J. (dissenting).—The effect of the majority ruling is to refuse separate review here unless the errors assigned are paragraphically enumerated. The rule (1 of the S. C. Pr.) does not so require; nor has any precedent or authority for such a conclusion been discovered. I cannot agree to such an extension of the rule. This appellant, by the employment of the word "each," separated his allegation of errors, plainly avoiding the imputation of generality, and specifically alleging that the court below erred in the several particulars when it refused "each" of the charges numbered. Reference to the case of *Ashford v. Ashford*, 136 Ala. 631, 640, 34 South. 10, 96 Am. St. Rep. 82, cited as authority by the majority will show that the use of the word "each" clearly distinguishes this case from that one.

The charges enumerated all involved, and attempted to apply to the status of fact in evidence, the proposition that the alleged transfer of the judgment, secured by Moore against the Nashville, Chattanoog & St. Louis Railroad Company, to Rice, the claimant (for outline of the controversy see this case on former appeal, 151 Ala. 523, 44 South. 93), was fraudulent and void as against the plaintiff, Jordan, who was a judgment creditor of Moore. To hold that the failure to argue each of these eight charges separately—each "particular charge"—is, to my mind, an entirely erroneous proposition. So far as diligent investigation discovers, it is the first time the rule with respect to charges requested in bulk or with respect to unseparated assignments of error—in both cases where all charges or all assignments must be good in order to reverse, as was held in the latter alternative, in *Ashford v. Ashford, supra*—

has been applied to the brief of counsel for appellant. If this ruling is consistently adhered to and applied here, repetition, needless reiteration, and unnecessary rediscussion will become a virtue in brief writing, whereas such has been heretofore generally thought to be a vice. In my judgment, the summary of the argument of appellant's counsel as appears in the majority opinion shows such an insistence upon the several errors separately assigned as to forbid a declination to review each ruling complained of. The reporter will set out the charges, 1 to 8, inclusive.

Rice, the claimant, himself testified that "Moore executed and delivered to him a written instrument; that this writing was lost; that it was in substance that Moore transferred to claimant all his interest in said judgment in payment of a certain piece of land that claimant then and there agreed to sell to Moore, and of an account for supplies that Moore owed claimant, with the agreement that when Rice got the money on the judgment against the railway he would in consideration thereof convey said lands to Moore; that if claimant did not get the money he was not to convey the land to him, and that in the meantime Moore should pay Rice rent on said lands; that at the time of said transfer Moore was then in possession of said lands as Rice's tenant, and has been in possession thereof as such tenant ever since, paying Rice rent thereon; and that no conveyance has ever been made to Moore." On the cross, Rice further testified "that he was not certain that the writing said anything about the debt for supplies that Moore owed him, but his best recollection was that it did; that he had never given Moore any receipt against any part of said debt for supplies or for the land; that he had never entered any credit anywhere on either of said debts; that he did not agree to satisfy either debt, or any part of it, until he got the money on said judg-

[Consolidated Portrait & Frame Co. v. Barnett, et al.]

ment; that whatever he got on the judgment was to go as a credit on Moore's indebtedness to Rice when Rice got the money." There was no other evidence tending, in any degree to clothe the claimant with any higher or better right than did his own testimony.

From Rice's testimony it affirmatively appears that he has not paid or parted with anything of value, or surrendered, or even credited, his claim against Moore. His agreement with Moore, as he states it, was in fact conditioned upon the receipt of the money on the judgment; that the consideration for the conveyance of the land and the satisfaction of the account was to be the money he (Rice) got on the judgment.

In my opinion, it is obvious that the plaintiff was entitled to the general affirmative charge requested; that the cause should be reversed for its refusal to plaintiff (appellant).