# City of Bessemer *v.* Whaley.

*Damage on Account of Defective Street.*

(Decided June 11, 1914. Rehearing denied June 30, 1914. 65 South. 691.)

1. *Municipal Corporations; Defect in Street; Complaint.*—Under sections 1273-4, Code 1907, a complaint in an action against a city for allowing fruit peelings and litter to remain on a sidewalk, creating a nuisance, which shows on its face that other persons were equally liable with the city, but which did not join them with the city as defendant, nor allege an excuse for not doing so, was demurrable; the latter section being intended to save the city from the necessity and inconvenience of having to bring action against such other persons.

2. *Same; Evidence.*—In an action against a city for injury to a person from slipping on fruit peelings on the sidewalk in front of a fruit stand, based on the negligence of the city in allowing such conditions or nuisance to continue beyond a reasonable time after

[City of Bessemer v. Whaley.]

knowledge thereof, the ordinances relative to the duty of police and other officers in reporting and abating sidewalk nuisances were not admissible.

3. *Appeal and Error; Review; Questions Presented.*—An assignment of error based on a refusal to give charges requested by defendant's counsel "numbered 1, 2, 3, etc.," was a joint assignment which can avail nothing unless each charge named as refused should have been given, or unless each charge named as given should have been refused, the rule being that all erorrs assigned jointly must be well taken, or nothing comes of the assignment.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Mrs. S. J. Whaley against the city of Bessemer for damages for injuries received because of a defect in a sidewalk. Judgment for plaintiff and defendant appeals. Reversed and remanded.

See also *City of Bessemer v. Whaley,* 8 Ala. App. 523; 62 South. 473; and *Ex parte Whaley,* 65 South. 542.

GOODWYN & ROSS, for appellant. The demurrers to the complaint should have been sustained because the complaint failed to join as party defendant, one who it appeared from the face of the complaint was equally as liable as the city, the complaint alleging no excuse for not joining such party.—Secs. 1273-4, Code 1907; 122 Mass. 100; *City of Montgomery v. McCabe,* 6 Ala. App. 559.

ESTES, JONES & WELCH, for appellee. Counsel insist that the point here sought to be raised was not mentioned or insisted upon on the original submission of this cause, and therefore, it must be deemed waived.— *Micou v. Tallassee B. Co.,* 47 Ala. 652; *A. C. L. v. Dothan M. Co.,* 161 Ala. 341; *L. & N. v. Holland,* 173 Ala. 675. The provisions embodied in section 1274 of the Code requiring the joining of other parties with the city are unconstitutional and cannot stand.—*Smith v. L. & N.,* 75 Ala. 449; *Karter Bros. v. Coleman,* 84 Ala.

[City of Bessemer v. Whaley.]

256; 46 L. Ed. 679; *Davis v. City of Montgomery*, 51 Ala. 139.

THOMAS, J.—On the original submission of this case we reversed and remanded the cause on the point, without considering any others raised by the record, that the lower court erred in not sustaining certain named grounds of the demurrer to the complaint, which went to the very cause of action alleged.

Such holding on our part rendered unnecessary, of course, a decision upon any of the other questions presented, since it completely disposed of the case, as will fully appear from the opinion of this court reported in *City of Bessemer v. Whaley*, 8 Ala. App. 523, 62 South. 473. The case was subsequently certioraried to our Supreme Court, and that court has recently handed down an opinion (65 South. 542), not yet officially published, overruling and reversing in part the mentioned opinion of this court, sending us back the record for consideration and determination of the other questions involved in it.

The first of these, in order, is as to whether or not any of the other grounds of the demurrer to the complaint, other than those before considered, were good. In this connection it may be stated that the complaint joined no other party as a defendant with the city. On its face, however, it shows that another party or parties are also liable to the plaintiff for the same actionable wrong that is complained of against the city. That wrong consisted, on the part of the city, as will appear from the opinions mentioned, in knowingly suffering to exist on its sidewalk a nuisance of such character as to create a defective condition in such walk and as that the city was bound to know it was likely to result in such an injury to predestrians traveling such

walk as is here complained of. The persons who maintained that condition or nuisance—the fruit vendors mentioned in the complaint—by allowing the peelings and litter from the fruit and vegetables handled or sold by them to remain on the sidewalk at their place of business, were certainly equally as liable to the plaintiff for her injuries received from slipping on such refuse matter as was the city for suffering them to continue such condition or nuisance.—*Garibaldi v. O'Conner*, 210 Ill. 284, 71 N. E. 379, 66 L. R. A. 73; *Birmingham Waterworks Co. v. Martini*, 2 Ala. App. 659, 660, 56 South. 830; *Archer v. Johnson City* (Tenn.) 64 S. W. 474.

Section 1273 of the Code, among other things, provides:

"Whenever the city or town shall be made liable to an action for damages by reason of the unauthorized or wrongful acts, or the negligence, carelessness, or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured."

Section 1274, among other things, thus provides:

"The injured party, if he sues the municipality for damages suffered by him, shall also join such other person or persons or corporation so liable as a defendant or defendants to the suit, * * * [but] if the injured party shall, before bringing suit, demand of the mayor of such municipality the name of such other person or persons or corporation as may be liable jointly with the said municipality to such injured party, and if such mayor fails to furnish, within ten days from the making of such demand, the name of such person or persons or corporation so jointly liable, the said injured party shall not be required to join such other person as a party defendant with said municipal-

ity in any suit brought to recover damages for such injuries."

The object of these statutory provisions was to provide a means of saving the city the necessity and inconvenience of having itself to bring suit against such other parties in order to make them respond to it for the damages, which, on account of the wrongful acts of commission or omission on their part, it was forced to pay out at the suit of an injured party.—*Westfield v. Mingo,* 122 Mass. 100, 23 Am. Rep. 292. And, by reason of this statute, we are of opinion that where a complaint against the city shows on its face, as the one here, that parties other than the city are also liable to the plaintiff for the injury complained of, or would be liable over to the city when it is made to respond for such injuries, the complaint is demurrable unless it either joins such parties as defendants or alleges the statutory excuse for not doing so; that is, alleges that the mayor failed for 10 days after demand to furnish the names of such parties. The effect of this failure is a waiver by the city of its right to require such persons to be joined as parties defendant. The complaint here neither joined as defendants the other parties it showed on its face to be liable, nor alleged an excuse for not doing so, and we are therefore of opinion that the demurrers pointing out these defects should have been sustained.—*City of Montgomery v. McCabe,* 6 Ala. App. 559, 60 South. 456; *City of New Decatur v. Chappell,* 2 Ala. App. 566, 56 South. 764.

The court, over the objection and exception of the defendant, permitted the plaintiff to introduce in evidence several ordinances of the defendant city relating to the duties of the police and other officers as to reporting and abating nuisances on the sidewalks and as to keeping the streets clean and in a sanitary condition.

This evidence was not relevant to any issue in the case, and we think probably prejudicial to the interest of the defendant.

As will appear from the prior opinion of this court, as later modified by that of the Supreme Court before referred to, the only basis, under the facts as disclosed by the complaint, upon which the present action can be maintained, is upon the theory of a defective condition of the sidewalk which the city failed to remedy within a reasonable length of time after such condition was actually known to the city council or after it had existed for such length of time as to raise a presumption of knowledge on its part.—Code, § 1273, and opinions mentioned. Hence the ordinances mentioned defining the duties of certain officers were entirely immaterial.

With respect to the charges found in the record, we find the following assignment of error:

"The court was in error *to give* each of the charges *requested by defendant's counsel* numbered 1, 2, 3," etc.

By the literal terms of such assignment, the defendant puts himself in the attitude of complaining of error committed at his own instance by the action of the court in giving charges requested by him. We suppose that the intention was to say either that:

"The court was in error *to refuse* each of the charges *requested by defendant's counsel* numbered 1, 2, 3," etc.

Or that:

"The court was in error *to give* each of the charges *requested by plaintiff's counsel* numbered 1, 2, 3," etc.

However, we are not called upon to figure out the meaning of ambiguous or contradictory assignments of error. Besides, however treated, the assignment is joint and consequently too general to evoke a separate ruling on each of such charges. Under such an assign-

ment, the rule is that it will avail nothing unless each charge named as given should have been refused or unless each charge named as refused should have been given. In other words, when it is assigned that the court erred in giving each of a number of described charges, if any one is good the appellant takes nothing by the assignment, and vice versa.—*Ashford v. Ashford,* 136 Ala. 640, 34 South. 10, 96 Am. St. Rep. 82; *Aetna Life Ins. Co. v. Lasseler,* 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252; *Ferrell v. Opelika,* 144 13; *Lehman v. Gunn,* 154 Ala. 359, 45 South. 620; *Brent v. Baldwin,* 160 Ala. 635, 49 South. 343. For the assignment as framed to prevail, it must appear, as alleged, that the court erred in each instance named. This is not the case here, whichever way of the two ways named we might construe the assignment.

However, what we have said in this opinion and in our previous opinion, and what was said by our Supreme Court in modification of our previous opinion, will be so sufficient as a guide to the lower court on the next trial as to save the necessity of our reviewing in detail these numerous charges, even if the assignments of error predicated upon them had been such as to entitle the appellant to such a review. These same observations apply with respect to the assignments relating to the action of the court in the admission and rejection of evidence.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.