(77 South. 442)

**PARNELL v. FARMERS' BANK & TRUST CO. (5 Div. 244.)**

(Court of Appeals of Alabama. Nov. 20, 1917.)

1. APPEAL AND ERROR ⊚⇒525(1) — RECORD — INSTRUCTIONS.

Under Acts 1915, p. 815, providing that charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written, and that it is the duty of the judge to write "Given" or "Refused," as the case may be, on the document and sign his name thereto, which thereby becomes a part of the record, charges which were not marked "Refused" nor signed by the presiding judge did not become a part of the record.

2. TRIAL ⊚⇒194(12)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action on a note given by defendant's partner and containing a waiver of exemptions and a provision for attorney's fees, the court charged that, when defendant's partner told him that he had made the note, and that it was for money to pay for teams used for the partnership, and defendant acquiesced in it, this was a ratification that bound defendant as to all the terms of the note, including the waiver of exemptions and the payment of reasonable attorney's fees, and that "there is a thing for you to determine in this case, the fact that this check was sent in. This paper was not met at maturity according to Mr. P.'s statement, but the bank extended the payment and charged it against him, eleven dollars and some cents, which was the interest due upon that paper, and that the check went in to him through the regular course of business, canceled. He says he raised no protest against that. I charge you that was another ratification." Held, that these instructions were bad because on the effect of the evidence.

3. APPEAL AND ERROR ⊚⇒1078(4)—WAIVER OF ERRORS—FAILURE TO URGE.

The point that certain charges were charges on the effect of the evidence was waived when it was not insisted upon in the brief.

4. PARTNERSHIP ⊚⇒157(4) — REPRESENTATION OF FIRM BY PARTNER—RATIFICATION.

A partner's ratification of a note given by another partner containing a waiver of exemptions, and a provision for attorney's fees, could not be predicated on constructive knowledge of such provisions of the note or on imputation of knowledge from mere notice.

Appeal from Circuit Court, Chilton County; A. H. Alston, Judge.

Assumpsit by the Farmers' Bank & Trust Company against J. R. Parnell and another. Judgment for plaintiff, and the defendant named appeals. Reversed and remanded.

The action was against J. R. Parnell and W. C. Gable, as former partners, and claims upon a promissory note with waiver of exemptions and a claim for attorney's fee. Defendant Parnell set up that he did not agree in writing or otherwise to waive his exemptions, and also that he did not agree to pay any attorney's fee, all of which was duly sworn to. The assignments of error referred to are as follows:

(7) The court erred in its oral charge to the jury as follows: "Now, I charge you that, when this partner told him that he had made the note, the mortgage, and that it was for money to pay for the teams that was used for the partnership, and he acquiesced in it, that was a ratification; it was a ratification that bound him to all of the terms that were set out in the note, that is, as to waiver of exemptions, and as to the payment of a reasonable attorney's fee."

(8) "Now there is a thing for you to determine in this case, the fact that this check was sent in. This paper was not met at maturity according to Mr. Parnell's statement, but the bank extended the payment and charged it against him, the amount which was the interest due upon that paper, and that the check went into him through the regular course of business, canceled. He says he raised no protest against that. I charge you that was another ratification."

(9) "If you are reasonably satisfied from this evidence that the statement of Parnell was correct, that he was informed by Gable, his partner, that he had given to the bank a mortgage, that mortgage was introduced in evidence, and that it was for the purpose of paying for the teams mentioned therein, it would have been his duty to have inquired as to the stipulations to see what that note really contained, and, not doing this, it was a ratification by acquiescence, that would have been a sufficient ratification to make him liable for this money, plus the interest, and with a waiver of exemption."

(10) "Mr. Parnell tells you that he was not told that there was a note due. Well, you can infer from your own common knowledge and business dealings of this kind whether Mr. Parnell did not know that a note had been given when told by his partner that he had given a mortgage to secure this note."

Smith & Gerald, of Clanton, for appellant. Victor J. Heard, of Clanton, for appellee.

SAMFORD, J. [1] The written charges made the basis of assignments of error 1 and 2 cannot be considered, as they do not comply with the requirements of Acts of the Legislature of 1915, p. 815. The charges are not marked "Refused," nor are they signed by the presiding judge, and hence do not become a part of the record.

Assignments of error 7, 8, 9, and 10, as insisted upon by counsel in brief, raise the question as to whether Parnell, one of the members of the partnership, was bound by the clause in the note sued on providing for a waiver of exemption and attorney's fee in case of default.

[2, 3] The parts of the oral charge of the court excepted to and raised by assignments of error 7 and 8 were charges upon the effect of the evidence, and for this reason would be bad, had the same been insisted upon in brief, but this point, not being insisted upon, is under the rules of this court and of the Supreme Court waived.

The parts of the oral charge excepted to were as follows:

"Now, I charge you that when this partner told him that he had made the note, the mortgage, and that it was for money to pay for the teams that was used for the partnership, and he acquiesced in it, that that was a ratification, it was a ratification that bound him as to all the terms that were set out in the note; that is, as to the waiver of exemptions and as to the payment of the reasonable attorneys' fees in the event that it had to be collected by suit."

"Now, there is a thing for you to determine in this case, the fact that this check was sent

m, this paper was not met at maturity according to Mr. Parnell's statement, but the bank extended the payment and charged it against him, eleven dollars and some cents, which was the interest due upon that paper, and that the check went in to him through the regular course of business, canceled. He says he raised no protest against that. I charge you that that was another ratification."

[4] These charges assert the doctrine of constructive knowledge or imputation of knowledge from mere notice. If this suit had been upon an undertaking simply to pay a debt, the fact that defendant knew of its existence and that his name was signed to it, and with this knowledge promised to pay it or made partial payments upon it, would have been sufficient to charge him upon the note, but, as was said by McClellan, J., in the case of Brown v. Bamberger Bloom & Co., 110 Ala. 355, 20 South. 118:

"The doctrine of constructive knowledge, or imputation of knowledge from mere notice, does not obtain in this connection. It is what the party sought to be charged knows, and not what he has mere written notice of, that is to be considered in determining whether there has been a ratification. He is charged on full knowledge, and not because he ought to have known, but did not, nor because he had notice which should have invited him to inquire, which, if properly prosecuted, would have brought knowledge."

Judge Storey said, in his work on Agency (paragraph 231, note 1), that:

"The principal's want of such knowledge, even if it arises from his own carelessness, in inquiring, or neglect in ascertaining facts, or from other causes, will render such ratification invalid. His knowledge is an essential element."

The oral charge of the court was in conflict with the foregoing authorities, and therefore the judgment of the court must be reversed.

The other questions presented by the court will probably not be raised upon another trial.

For the errors pointed out, the judgment of the court is reversed, and the cause is remanded.

Reversed and remanded. ·