(114 So. 137)

### TILLERY v. WALKER.    (6 Div. 966.)

Supreme Court of Alabama.    June 30, 1927.

Rehearing Denied Oct. 27, 1927.

1. **Municipal corporations** ☞706(1)—**Complaint, alleging automobile struck pedestrian at named intersection, held to sufficiently allege locus in quo.**

Complaint, in action for damages as result of injuries sustained by pedestrian when struck by defendant's automobile, alleging that she was struck at or near intersection ·of certain streets in named city, *held* to sufficiently allege locus in quo giving defendant due notice of place in question, and not subject to demurrer therefor.

2. **Appeal and error** ☞739—**Appellant, assigning error in (bulk to refusal of charges, had burden of showing that all charges should have been given.**

By assigning error in bulk to refusal of number of charges, appellant assumed burden of showing that each and every one of charges should have been given.

3. **Municipal corporations** ☞705(10)—**Charges failing to state that pedestrian crossing street need not exercise same care as one crossing railroad tracks held properly refused.**

Requested charges, in action for damages for injuries, sustained by pedestrian struck by automobile, failing to observe rule that pedestrian crossing street is not under same duty as one who crosses railroad track to stop, look, and listen, *held* properly refused.

4. **Municipal corporations** ☞706(6)—**Liability for injuries to pedestrian struck by automobile held for jury on conflicting evidence as to blame for accident.**

Where evidence in action for injuries to pedestrian struck by automobile when crossing street was in conflict as to blame for accident, question of defendant's liability was for jury.

Appeal . from Circuit Court, Tuscaloosa County ; Henry B. Foster, Judge.

Action by Maude Walker against John W. Tillery. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Counts 1 and 2 of the complaint are as follows:

Count 1. The plaintiff claims of the defendant the sum of five thousand ($5,000.00) dollars damages, for that heretofore on, to wit, November 25, 1925, plaintiff was on a public street, or public avenue, ·in the city of Tuscaloosa, Ala., and defendant then and there in charge of de-

fendant's automobile negligently ·ran said automobile into, upon, over, or against plaintiff at or near the intersection of Twenty-Third avenue with Seventh (7th) street, in the city of Tuscaloosa, Ala., and wrenched plaintiff's back and neck, broke her hip, thigh, and leg, lacerated, bruised, and tore her knees, arms, head, and other parts of her body and legs, and caused plaintiff to be made sick and sore and to suffer much physical pain and mental anguish. And plaintiff alleges that her said injuries and damages above detailed and set out were proximately caused by the negligence of the defendant in negligently running defendant's said automobile into, upon, over, or against plaintiff as aforesaid, and that all of her said injuries and damages were proximately caused thereby; hence this suit.

Count 2. The plaintiff claims of the defendant the sum of five thousand ($5,000.00) dollars as damages, for that heretofore on, to wit, November 25, 1925, plaintiff was on a crossing at the intersection of Seventh street and Twenty-Third avenue, both public streets in the city of Tuscaloosa, Ala., when she was run over, against, or upon by an automobile then and there being operated at a high rate of speed of eleven (11) miles or more.per hour by the defendant, and plaintiff was there knocked down and was made sick and sore, her leg and hip and thigh broken, her back wrenched, her knees, arms, and body bruised and lacerated and torn and she was caused to suffer thereby great physical pain and mental anguish and her nervous system was impaired. And plaintiff alleges that at said time there was in force and effect an ordinance of the city of Tuscaloosa, Ala.; which had been theretofore duly and legally adopted and published in all respects as provided by law, providing as follows, to wit:

"Sec. 2. *Speed Limit.* No person shall drive any animal or drive or operate any vehicle upon any public highway in this city recklessly or in a careless manner or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of such public highway or. so as to endanger property or the life or limb of any person, provided as follows:

"(a) It .shall be unlawful for any person to operate or drive any motor vehicle or other vehicle on or across any intersections of two or more streets, or past the entrance of Pinehurst or other similar places, or pass the entrance to another street or around a curve, or around any corner in turning into another street or place at a greater rate of speed than ten miles per hour."

·And plaintiff further alleges that defendant negligently and in violation of said ordinance drove defendant's said automobile on or across the intersection of Seventh street and Twenty-Third avenue, both public streets in the city of Tuscaloosa, Ala., at a rate of speed of eleven or more miles per hour and struck plaintiff with said automobile with great force and injured and damaged her as hereinabove set out. And plaintiff avers that all of her said injuries and damages were proximately caused by the · defendant negligently, and in violation of said ordinance of the city of Tuscaloosa, at said time and place, driving said automobile at a rate of speed, to wit, eleven or more miles per hour on or across the said intersection of Sev-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

enth street and Twenty-Third avenue in the city of Tuscaloosa, Ala.

Demurrer interposed to these counts is as follows: .

(1) That neither the whole complaint, nor any count thereof, shows upon what part of the street in the city of Tuscaloosa, Ala., the defendant was at the time of the alleged injury. (2) That from aught appearing from the whole complaint, or from the first count thereof, this plaintiff was on the sidewalk of said street, in the city of Tuscaloosa, Ala., at the time of the alleged injury. (3) That the first count of the complaint fails to give defendant notice of and concerning plaintiff's location on a public street in the city of Tuscaloosa, Ala., at the time of the alleged injury. (4) That, from aught appearing from count 1 of the complaint, this defendant had a right to assume that plaintiff was in a place or position of safety at the time of, or just prior to, the alleged injury, on a public street or avenue in the city of Tuscaloosa, Ala. (5) That, from aught appearing from count 1 of the complaint, this plaintiff was guilty of contributory negligence at the time of the alleged injury. (6) Defendant assigns separately and severally to count 2, the foregoing grounds of demurrer from first to fifth, both inclusive. (7) That county 2 of the complaint fails to show at what point at the intersection of Seventh street and Twenty-Third avenue, in Tuscaloosa, Ala., plaintiff was located at the time of, or just prior to, the alleged injury. (8) For aught appearing from said count 2 of the complaint, the plaintiff was either standing or crossing, or she was walking on the crossing. (9) That said count 2 is, for the reason set forth in the eighth assignment hereinabove, indefinite and uncertain in its allegation.

William M. Adams, of Tuscaloosa, for appellant.

The complaint did not sufficiently show the locus of the accident. Racine Tire Co. v. Grady, 205 Ala. 423, 88 So. 337. Defendant's requested charges should have been given. Racine Tire Co. v. Grady, supra; Hines v. Cooper, 205 Ala. 70, 88 So. 133; Weaver v. A. G. S., 200 Ala. 434, 76 So. 364; Peters v. Southern R. Co., 135 Ala. 533, 33 So. 332; Barbour v. Shebor, 177 Ala. 304, 58 So. 276.

Reuben H. Wright, of Tuscaloosa, for appellee.

A violation of a statute or ordinance is negligence per se, and a person proximately injured thereby may recover. Watts v. Montgomery Tr. Co., 175 Ala. 102, 57 So. 471. The rule with regard to stopping, looking, and listening before crossing a railroad is without application to a person crossing a street. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173; Corona C. & I. Co. v. White, 158 Ala. 627, 48 So. 362, 20 L. R. A. (N. S.) 958; Adler v. Martin, 179 Ala. 97, 59 So. 597. The question of negligence of defendant and contributory negligence on the

part of plaintiff was for the jury. Bachelder v. Morgan, 179 Ala. 339, 60 So. 815, Ann. Cas. 1915C, 888.

SAYRE, J. [1] Appellee suffered injuries from a collision with an automobile driven by appellant and had a judgment for damages in this cause. Counts 1 and 2 of the complaint were not subject to the demurrers interposed by appellant. The allegation is that the accident in suit happened at or near the intersection of Twenty-Third avenue and Seventh street in the city of Tuscaloosa, Ala. This was a sufficient allegation of the locus in quo and gave appellant defendant due notice of the place in question.

[2, 3] Quite a number of charges were refused to appellant and the rulings thus shown are assigned for error in bulk. By such assignment appellant assumed the burden of showing that each and every of the charges should have been given. Some of them, to say the least, failed to observe the rule, prevailing in this state, that a pedestrian crossing a street is not under the same duty as one who crosses a railroad track to stop and look and listen, though, of course, he must exercise such reasonable care as the attending circumstances may require. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173; Barbour v. Shebor, 177 Ala. 304, 58 So. 276, and authorities cited.

[4] The evidence was in patent conflict as to where rested the blame for the accident. The question of appellant's liability was therefore one for jury decision, and the general charge requested by appellant was properly refused.

The judgment must be affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.