33 So.2d 371
### SNELLINGS v. JONES.
4 Div. 972.

Court of Appeals of Alabama.
Oct. 28, 1947.

Rehearing Denied Dec. 16, 1947.

J. W. Brassell and W. R. Belcher, both of Phenix City, for appellant.

A. L. Patterson, of Phenix City, for appellee.

HARWOOD, Judge.

It is our opinion that in considering this appeal we are confronted with an inadequate or improper assignment of errors.

The suing out of an appeal is analogous to the institution of a new suit. The assignment of errors takes the place of the declaration or bill. The office of assignments of error is to inform the appellate court and the appellee of the precise errors relied on. Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397; Life & Casualty Ins. Co. of Tennessee v. Womack, 26 Ala.App. 6, 151 So. 881, certiorari denied 228 Ala. 70, 151 So. 880. An assignment of error which does not succinctly point out the error complained of with sufficient clearness and precision will not be considered on appeal. Harden, Inc., v. Harden, 29 Ala.App. 411, 197 So. 94. Errors not assigned will not be reviewed. 2 Ala.Dig., Appeal and Error, ☞719(1).

In the hurry of perfecting an appeal it is the usual practice of lawyers to assign as error all matters that might be even faintly meritorious. Upon further study while preparing his brief he may conclude that, in his anxiety to fully cover all possible errors in his assignments, he has included some that are untenable. These he is free to abandon simply by not carrying them forward in his brief and argument, for as a corollary to the rule that errors not assigned will not be considered on appeal is the proposition that assignments not specified in the brief are considered as abandoned.

The complaint in this cause contained three counts. Each count alleged that "the plaintiff, being then about the age of twelve years, went upon the premises of the Defendant as an invitee, express or implied," and while playing with the son of the defendant was injured by the falling of a brick chimney, etc.

Demurrers were filed to the counts separately. Among the grounds assigned separately to counts 1 and 2 were that the averment in each count that the plaintiff was an invitee, express or implied, is but a conclusion of the pleader and states no cause of action, and among the grounds of demurrer to count 3 was that this count "is but a conclusion of the pleader and states no cause of action against this defendant."

■ This ground assigned to count 3 was *general, and not sufficiently specific* to put the trial court in error for overruling the demurrer to count 3 on the ground above set out. Suell v. Derricott, 161 Ala. 259, 49 So. 895, 23 L.R.A.,N.S., 996, 18 Ann.Cas. 636; Fidelity Building & Loan Ass'n v. Protective Life Ins. Co., 27 Ala. App. 186, 168 ̇So. 896, certiorari denied 232 Ala. 525, 168 So. 899.

■ It is fundamental that on appeal in civil cases we are limited in our review powers to those errors which are brought before us by proper assignment of errors. Regardless of whether the complaint in this cause was vulnerable, the scope and effect of the forms of the assignment of errors must necessary determine our reviewable field.

■ Appellant's assignment of error number 1 is as follows: "The court erred in overruling the demurrers to each count of complaint and each ground of said demurrers. R. pp. 5 and 6."

Under this joint assignment the defendant can take nothing, the demurrer not going to all counts separately and severally, unless each count is subject to the demurrer interposed. Supreme Court Rule No. 1, Code 1940, Tit. 7, Appendix; Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456. Since in our opinion we cannot charge error to the lower court in overruling the demurrer to count 3 because of the general character of the grounds assigned as to its conclusive nature, we must perforce, under the requirement of Supreme Court Rule No. 1 and the cases above cited, pretermit consideration of the validity of the grounds of demurrer addressed to counts 1 and 2, such conclusion being necessary in our opinion because of the joint character of assignment of error No. 1.

Assignment of error No. 2 is as follows: "2. The court erred in refusing to give charges numbered 1, 2, 4, 6, 11. R. pp. 10 and 11."

In Southern Railway Co. v. Nowlin, 156 Ala. 222, 47 So. 180, 130 Am.St.Rep. 91, our Supreme Court refused to consider any question of error attempted to be raised by an assignment of error almost similar to assignment No. 2, supra, on the ground that the assignment was too general to warrant consideration. The strictness of the Nowlin case, supra, seems however to have been relaxed in the later case of Jordan v. Rice, 165 Ala. 650, 51 So. 517, to the extent that while such an assignment is too general to authorize a separate review of the several charges, such an assignment will be considered, but only if each numbered charge should have been given. If any one of such charges was refused without error, then the appellant can take nothing by the assignment. See also City of Bessemer v. Whaley, 10 Ala.App. 569, 65 So. 691.

■ Without intimating that any of the charges enumerated in assignment No. 2, supra, should have been given, we are clear to the conclusion that some of them were palpably bad and properly refused. The appellant can therefore take nothing from assignment of error No. 2.

■ The remaining assignments of error, i. e. Nos. 3, 4, and 5, are as follows:

"3. The Court erred in overruling the defendant's objections to the testimony of Malvyn Jones, Sr. R. pp. 18, 19, 21.

"4. The Court erred in overruling the defendant's objections to the testimony of Malvyn Jones, Jr. R. p. 25.

"5. The Court erred in overruling defendant's objections to the testimony of I. C. Wheelis, R. pp. 31, 32."

In Hall v. Pearce, 209 Ala. 397, 96 So. 608, 610, our Supreme Court considered the sufficiency of an assignment of error highly similar to the one now before us. The following pertinent portion of the opinion in that case is set out:

"Assignment of error No. 3 reads as follows:

" 'In the several rulings on the admissions and exclusions and nonadmissions and nonexclusions of the evidence shown, Tr. pages 12 to 16, inclusive.'

"This ·does not comply with rule 1 (p. 1506, Code 1907) of Supreme Court. This assignment of error does not state concisely in what the error consists. It should do so. Errors assigned in this way will not be considered by this court. Supreme

Court Rule 1; Woodruff v. Smith, 127 Ala. [65], 77, 28 So. 736 [54 L.R.A. 440]."

All of the above principles and cases we think necessitate an affirmance of this case.

Affirmed.