34 So.2d 505
**CARITHERS v. COMMERCIAL CREDIT CORPORATION.**
**8 Div. 610.**

Court of Appeals of Alabama.
March 23, 1948.

Sherman B. Powell, of Decatur, for appellant.

Jos. S. Mead, of Birmingham, and Julian Harris and Norman W. Harris, all of Decatur, for appellee.

**HARWOOD, Judge.**

In the court below the defendant filed a plea in abatement. The court orally gave the affirmative charge to the jury in the defendant's behalf. The jury thereafter returned a verdict in favor of the defendant and judgment was entered pursuant thereto. This appeal is from such judgment.

The only point urged as error in appellant's brief is the action of the court in giving the charge it did give to the jury.

Section 273 of Title 7, Code of Alabama 1940, provides among other things: "In case of appeal the charges must be set out in the transcript in the following manner: The charge of the court. The charges given at the request of the plaintiff or the state. The charges given at the request of the defendant."

No requested written charges whatsoever are set out in this record.

We must necessarily conclude therefore that the entire absence of any written affirmative charge purportedly requested and given by the court below, precludes us from further consideration on the basis of given or refused charges requested in writing. Mobile Light & R. Co. v. Thomas, 201 Ala. 493, 78 So. 399; Protective Life Insurance Co. v. Wallace, 230 Ala. 338, 161 So. 256; Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300; Parnell v. Farmers Bank & Trust Co., 16 Ala.App. 292, 77 So. 442.

The oral charge given by the court in this case was as follows:

"Gentlemen of the Jury:

"This case of Vaughn Carithers against Commercial Credit Corporation, is up here on a plea in abatement. That means the defendant has filed a plea in which he says that the case is brought in the wrong court; that under the laws of Alabama, the case should have been brought in Birmingham. That is the only issue that we are trying in this case.

"After having heard the evidence, the court is of the opinion that there is no conflict in the evidence. In other words, there is nothing to submit to the jury that would make a jury question.

"Therefore, gentlemen of the jury, the court charges you, at the request of the defendant who has requested the affirmative charge in writing, that if you believe the evidence in this case, you will find for the defendant.

474

"Gentlemen of the jury, one of your number will sign the verdict as foreman, and return it into court.

"Gentlemen, I didn't give you the form of your verdict. Gentlemen, the form of your verdict would be: 'We, the jury, find for the defendant on its plea in abatement,' if you believe the evidence in this case."

No exception was reserved to the above oral charge by the plaintiff below, appellant here.

 In the absence of an exception to the trial court's oral charge an appellate court, in this jurisdiction, cannot consider the correctness or propriety of such oral charge. (See 2 Ala.Dig., Appeal and Error, ⊕⇒263(1) for innumerable cases establishing the above doctrine.)

It is our conclusion therefore that no requested written charges appearing in the record, and no exception being reserved to the court's oral charge, and the only point raised in appellant's brief pertains to such charges, that an affirmance of this cause is dictated. It is so ordered.

Affirmed.