67 So.2d 805

### LUSK v. WADE et al.
#### 7 Div. 171.

Supreme Court of Alabama.
Oct. 29, 1953.

556

Ross Blackmon, Anniston, for appellant.

Emerson & Watson, Anniston, and Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for appellees.

**SIMPSON, Justice.**

Plaintiff Lusk sued defendants Wade and Mitchell for false imprisonment and assault and battery. Trial resulted in a verdict and judgment for defendants and plaintiff has appealed.

The appellant's brief begins its argument upon alleged errors in the court's oral charge. The oral charge, although made a part of the record by statute, will not be reviewed unless an exception was duly reserved. Title 7, § 827(1), Code 1940, Vol. 2, Pocket Part; Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499; Carithers v. Commercial Credit Corp., 33 Ala.App. 472, 34 So.2d 505; Anderson v. State, 209 Ala. 36, 95 So. 171. No exception having been reserved to the oral charge, nothing is presented for review.

The first assignment of error is predicated on the refusal by the trial court of seventeen requested written charges. Such an assignment is too general to authorize a separate review of the several charges and unless all of them should have been given, the appellant can take nothing by this assignment. White v. Henry, 255 Ala. 7, 49 So.2d 779; Tillery v. Walker, 216 Ala. 676, 114 So. 137; Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371; City of Bessemer v. Whaley, 10 Ala.App. 569, 65 So. 691; Jordan v. Rice, 165 Ala. 650, 51 So. 517; Smith v. State, 130 Ala. 95, 30 So. 432; Ashford v. Ashford, 136 Ala. 631, 34 So. 10. At least six of the charges requested by the appellant were, as appellant concedes, properly refused for the reason that they were either covered by the oral charge or confusing and argumentative. This assignment therefore cannot prevail. The appellant is not relieved from the operation of the rule by the caption at the be-

ginning of the assignments reciting that he separately and severally assigned his grounds for error. Such was the case in Southern Railway Co. v. Nowlin, 156 Ala. 222, 47 So. 180, wherein the court held the assignment to be so general as to preclude any consideration. In Jordan v. Rice, supra, the strictness of this rule was relaxed to the extent that although a single assignment of error which included a number of requested charges would be considered, for the assignment to prevail it must appear that the court erred in each instance named. This rule was again emphasized and enforced in White v. Henry, supra, where the status of the assignments with respect to the use of the words "separately and severally" in the caption was the same as in the case at bar. The rationale underlying is that the suing out of an appeal is analogous to the institution of a new suit, the assignments of error taking the place of the bill of complaint and where generally declared on each must be good.

■ The same principle applies to Assignment No. 2 claiming error on the part of the trial court in the giving of eleven of the defendants' requested charges. Appellant again concedes some of these charges to be good—and they are—hence this assignment likewise cannot avail appellant on this appeal.

■ It is next argued that the trial court erred in admitting certain evidence and in overruling appellant's objection thereto. However, the only objection interposed came after responsive answers to questions disclosing the nature of the evidence to be introduced. It likewise results therefore that error cannot be predicated on that status. Bates v. Bank of Moulton, 226 Ala. 679(3), 148 So. 150; Reese v. Mackentepe, 224 Ala. 372, 140 So. 550; Scott v. Parker, 216 Ala. 321, 113 So. 495.

The last assignment of error is based on the overruling of the motion for a new trial. We have considered all the grounds of the motion and find them untenable.

No error to reverse is made to appear.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.