99 So.2d 738

**Larry MOULTON, Pro Ami**

**v.**

**Joe ARNOLD et al.**

4 Div. 935.

Supreme Court of Alabama.

Dec. 19, 1957.

Rehearing Denied Jan. 23, 1958.

Prestwood & Prestwood, Andalusia, for appellant.

Ralph A. Clark, Andalusia, and Hugh M. Caffey, Jr., Brewton, for appellees.

LAWSON, Justice.

Around three o'clock on the afternoon of July 6, 1956, Larry Moulton, a young boy eight years of age, was riding his Shetland pony in a westerly direction on the north shoulder of a highway which runs between Andalusia on the west and Opp on the east when the pony got out of control and veered onto the highway. The pony and rider both fell to the pavement.

At the time that the pony moved onto the highway Joe Arnold, an employee of Southern Pine Electric Cooperative, Inc., a corporation, sometimes referred to hereafter as Southern Pine, was driving his employer's truck in an easterly direction toward Opp, traveling in the south lane of the highway.

Larry by his father and next friend brought this suit against Arnold and Southern Pine to recover damages for personal

injuries which he alleged he sustained as a proximate consequence of Arnold's negligence in driving the truck into or against him.

The case went to the jury on plaintiff's complaint, which contained only one simple negligence count, and on the defendants' plea of the general issue in short by consent. There was jury verdict for the defendant. From a judgment which followed the verdict the plaintiff has appealed to this court.

The plaintiff, the appellant here, does not contend that he was entitled to the general charge and he did not make a motion for a new trial, so we need not make a detailed statement of the evidence.

The plaintiff did not testify and no witness to the occurrence was called on his behalf. The defendant Arnold and John Jernigan both testified on behalf of the defendants as to the facts and circumstances which immediately preceded the plaintiff's fall. According to their version of what transpired, the defendant Arnold was proceeding in the proper lane of the highway at a moderate rate of speed when the pony veered from the north shoulder of the road onto the paved portion of the road and fell to the pavement either before reaching the truck driven by Arnold or after running into the left side of the front bumper of that truck. Arnold testified that he was positive that his truck did not actually strike the young boy but that he could not be positive as to whether or not the pony ran into the truck. Jernigan, on the other hand, while positive that the truck did not actually strike the young plaintiff, was equally certain that the pony did actually run into the Southern Pine truck. The testimony of these witnesses tended to exonerate Arnold of negligence and there was very little, if any, evidence to the contrary.

■ The first assignment of error is to the effect that the trial court erred in overruling the plaintiff's objection to the following question asked by counsel for the defendants during the cross-examination of the plaintiff's father, Cliff Moulton: "Now, just answer this question yes or no. It is dangerous to ride a horse in a gallop or in a run on an asphalt highway, isn't it?" The witness answered: "To a certain extent, yes." Although the objection to the question was general, we feel that the trial court might well have sustained it. However, in view of the almost complete absence in this record of any evidence going to show actionable negligence on the part of the defendants, we are not willing to say that the admission of the answer to the question to which objection was made has probably injuriously affected a substantial right of the plaintiff. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ Assignment of error no. 4 is to the effect that the trial court erred in sustaining defendants' objection to the question asked plaintiff's witness Woodley on direct examination as to whether he took note of the tag number of the truck Arnold was driving, which is sometimes referred to in the evidence as the green truck. That question called for testimony which in our opinion was entirely immaterial to any issue in the case. The fact that the witness did or did not get the tag number would not shed any light on any question in this case.

■ Assignment of error no. 5 is to the effect that the court erred in sustaining defendants' objection to the following question asked the witness Woodley on direct examination: "All right, did this man in the truck [Arnold], after the father left, did he continue toward Opp." If there was error in this action of the trial court, which we do not concede, it was error without injury because the same witness had previously testified without objection that after Larry's father arrived at the scene and the boy had been placed in the father's car with the assistance of Arnold, the latter proceeded on toward Opp. Brasfield v. Hood, 221 Ala. 240, 128 So. 433; Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366.

Assignment of error 15 is based on a statement contained in the court's oral charge and assignment of error 16 is

50

grounded on the court's explanatory remarks concerning that statement. In the charge and in the statement of explanation the trial court in effect said that there was no question of "hit and run" involved in this case. These statements were made because of an argument made by counsel for the plaintiff to which counsel for the defendants did not object. The argument of counsel for the plaintiff was apparently based on his contention that since Arnold left the scene without reporting the accident or without giving his name that he was trying to avoid responsibility.

 Of course, the so-called hit and run law, a criminal statute, was not directly involved in this litigation and as the trial judge observed, Arnold did not seek to hide the fact that he was present at the time of the injury. Although he was not asked his name by anyone who came to the scene and he did not volunteer that information, the fact remains that he rendered every assistance possible to the young boy and did not leave the scene of the accident until he had helped the father place the injured child into an automobile and after the child had been driven toward the hospital in Andalusia.

While we are inclined to the view that the trial court might well have refrained from making the statements of which plaintiff complains, we cannot say after an examination of the entire cause that such statements have injuriously affected substantial rights of the plaintiff. Supreme Court Rule 45.

Assignment of error 17 is predicated on the refusal by the trial court of five requested written charges. Unless all of those charges should have been given, the appellant can take nothing by this assignment. Lusk v. Wade, 259 Ala. 555, 67 So.2d 805, and cases cited. Appellant concedes in brief that four of the charges were refused without error. This assignment, therefore, cannot prevail. Lusk v. Wade, supra.

We have considered the assignments of error argued in brief of counsel for appellant. We find no reversible error in any of those assignments and it follows, therefore, that the judgment of the trial court must be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.