# Thomas Frazer Lumber Co. *v.* Henson, *et al.*

## *Assumpsit.*

(Decided April 11th, 1912. 58 South. 812.)

1. *Appeal and Error; Assignment; Sufficiency.*—The court need
not review rulings on evidence not separately assigned as error, and
not separately presented in brief of appellant, as requird by rule
10, Supreme Court Practice.

2. *Charge of Court; Ignoring Issues.*—Where the evidence for
the plaintiff tended to show a balance due, for lumber sawed and
delivered, and the defendant's evidence tended to show that the
plaintiff had been overpaid, a charge that the jury should find for
the defendant, if the plaintiff sawed for the defendant, an amount
of lumber which did not exceed that for which payment had been
made, was properly refused as it precluded a finding for the plaintiff
even though he sawed a greater amount of lumber for which there
was a balance due him.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Assumpsit by J. K. Henson against the Thomas Fra-
zer Lumber Company and others. From a judgment for
plaintiff, defendants appeal. Affirmed.

The charge requested is as follows: "If the jury be-
lieve from all the evidence that Henson sawed for the

40 CA

defendant under the contract 487,237 feet of lumber, your verdict must be for the defendant; and they have the further right, and it is their duty to render a judgment against plaintiff in favor of defendant as the evidence satisfied them Henson is due to the defendant."

D. A. McGREGOR, for appellant. Assignments 1, 2, 3, and 4, relate to questions to which objections were sustained, and the court erred in sustaining them.—*L. & N. R. R. Co. v. Johnson,* 135 Ala. 232; 16 Cyc. 847. Assignments 5 and 6 relate to the main fact in issue.—126 Ala. 622. The court erred in refusing charge 1.

BANKHEAD & BANKHEAD, for appellee. The assignments of error relative to evidence are not so insisted upon as to require their review by this court, and charge 1 is misleading in that it denies recovery, although the jury might find that plaintiff sawed a larger amount of lumber than that named in the charge.

WALKER, P. J.—On the trial the complaint, which contained counts on account, for merchandise, goods, and chattels sold, and for work and labor done, was sustained by evidence tending to show a balance due from the defendants (the appellants here) for lumber sawed and delivered by the plaintiff under the terms of a written contract with the defendants, and for extra services, incident to the performance of that contract, rendered by the plaintiff at the instance and request of the defendants. The defendants, on the other hand, offered evidence tending to show that they had overpaid the amount due to the plaintiff, and to support their pleas of payment and set-off.

As to the assignments of error based upon rulings on evidence, the counsel for the appellants contents him-

[Thomas Frazier Lumber Co. v. Henson. et. al.]

self with references to those rulings in groups, accompanied by vague suggestions that they involved error, without specifying the respective grounds upon which the several different rulings are deemed erroneous. Each ground of error is not so separately presented, as is required by the rule of practice governing the preparation of a brief for the appellant (Code, p. 1508, rule 10), as to put upon the court the duty of reviewing the several rulings. We do not feel called upon to undertake a search for errors which counsel for the appellants has not pointed out. We may remark, however, that we have discovered no prejudicial error in either of those rulings.

The written charge requested by the defendants was properly refused. Under that charge the jury would have been required to find a verdict for the defendants, if they found that the plaintiff had sawed for the defendants the number of feet of lumber mentioned in it, though they also found from the evidence that the plaintiff had sawed for the defendants under the contract a much larger quantity of lumber, and that a balance was due him for the quantity of lumber actually sawed and for extra services rendered at the instance and request of the defendants. That charge may be subject to criticism on other grounds, which need not be mentioned.

The conflict in the evidence was such as to make it fairly a question for the jury whether a balance was due from the defendants to the plaintiff, and the court was not in error in overruling the motion for a new trial on the grounds assigned.

Affirmed.