(82 South. 688)

SMITH v. WEBB. (8 Div. 566.)

(Court of Appeals of Alabama. June 3, 1919.)

1. APPEAL AND ERROR ⬦758(3) —BRIEFS — INSISTENCE ON ASSIGNMENTS OF ERROR.

Insistence in appellant's brief on assignments of error to rulings on pleadings, "We submit that the court erred in sustaining the demurrers to pleas 2, 4, 5, and 6," is insufficient.

2. APPEAL AND ERROR ⬦1040(7)—HARMLESS ERROR—RULINGS ON PLEADINGS

Any error in sustaining demurrers to pleas was harmless, defendant under other pleas having had the benefit of all the defenses raised therein.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by J. S. Webb against John D. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

Milo Moody, of Scottsboro, for appellant. John B. Tally, of Scottsboro, for appellee.

BRICKEN, J. Appellee brought suit against appellant for damages alleged to have been sustained by reason of the negligence of the appellant in allowing a team, without a driver, to go upon a bridge on a public highway, and causing appellee, who was riding a mule, to be thrown from the bridge.

The complaint contained several counts, and several special pleas were interposed by the appellant. The court sustained demurrers to special pleas numbered 2, 4, 5, and 6, and overruled the demurrers to special pleas 3, 7, and 8. The case was tried by the court without a jury, and judgment rendered in favor of appellee, plaintiff in the court below.

The assignments of error are based upon the action of the court in sustaining demurrers to special pleas 2, 4, 5, and 6, and the rendition of judgment against appellant.

[1] The only insistence in brief of appellant upon assignments of error in sustaining demurrers to special pleas 2, 4, 5, and 6, is in the following language:

"We submit that the court erred in sustaining the demurrers to pleas 2, 4, 5, and 6."

This is not a sufficient insistence upon these assignments of error. Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 South. 604; Western Union Tel. Co. v. Benson, 159 Ala. 254, 48 South. 712, and therefore assignments of error 1, 2, 3, and 4 must be treated as having been waived. Tutwiler v. Enslen, 129 Ala. 347, 30 South. 600; 5 Mayf. Dig. p. 32, § 32.

[2] However, under special pleas 3, 7, and 8, to which demurrers were overruled, the appellant had the benefit of all the defenses raised in special pleas 2, 4, 5, and 6, and, even if there had been error in sustaining the demurrers, it would have been error without injury to appellant.

We have examined the record carefully, and are of the opinion that the evidence was sufficient to sustain the judgment rendered by the court.

There being no error in the record, the judgment of the circuit court is affirmed.

Affirmed.