(105 So. 697)

**McCORMACK BROS. MOTOR CAR CO., Inc., v. MARTIN. (6 Div. 575.)**

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied June 30, 1925.)

**1. Contracts ⬦15—Meeting of minds essential.**

There must be meeting of minds of competent contracting parties before valid binding contract can be said to exist.

**2. Sales ⬦182(1)—Affirmative charge held properly refused in assumpsit for breach of contract to deliver automobile purchased.**

In assumpsit for breach of contract to deliver automobile purchased, affirmative charge was properly refused for defendant, where evidence showed plaintiff had performed all conditions of contract alleged to have been made with defendant, and refusal of defendant to perform.

**3. Trial ⬦133(3)—Ruling sustaining defendant's objection cannot be reviewed on assignment by defendant.**

Where defendant objected to remarks of plaintiff's attorney and court sustained objection and instructed jury not to consider such, defendant could not have exception reserved, since ruling was with him.

**4. Appeal and error ⬦1078(1)—Assignments not insisted on in brief are waived.**

Assignments of error not insisted on in brief are waived.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action in assumpsit by D. L. Martin against the McCormack Bros. Motor Car Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte McCormack Bros. Motor Car Co., 213 Ala. 549, 105 So. 698.

Beddow & Ray, of Birmingham, for appellant.

Defendant was due the affirmative charge. Houston v. Faul, 86 Ala. 232, 5 So. 433; Feore v. Avent, 4 Ala. App. 551, 58 So. 727; Hodges v. Sublett, 91 Ala. 588, 8 So. 800; Bissinger v. Prince, 117 Ala. 480, 23 So. 67. Counsel discuss other questions, but without citing additional authorities.

Altman & Taylor and Fred G. Koenig, all of Birmingham, for appellee.

Where the court sustains defendant's objection to argument of plaintiff's counsel, defendant is not entitled to assign the same as error on appeal. Cutcliff v. B. R., L. & P. Co., 148 Ala. 108, 41 So. 873; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Matthews v. State, 16 Ala. App. 514, 79 So. 507; Sharp v. State, 193 Ala. 22, 69 So. 122. Where there is any

---

evidence to support plaintiff's case, it is not error to refuse the affirmative charge to defendant. So. St. F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Allen v. Fincher, 187 Ala. 599, 65 So. 946; Penticost v. Massey, 202 Ala. 681, 81 So. 637; Patterson v. A. C. L., 202 Ala. 587, 81 So. 85; Amerson v. Corona C. & I. Co., 194 Ala. 175, 69 So. 601; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 52 So. 86; Shipp v. Shelton, 193 Ala. 658, 69 So. 102.

SAMFORD, J. The only assignments of error insisted upon in brief are assignments 2, 12, and 13. Under the rule, the other assignments are waived. Smith v. Webb, 17 Ala. App. 148, 82 So. 638.

[1, 2] Assignment 2 takes the point that the trial court erred in refusing to give, at the request of defendant in writing, the general affirmative charge; it being argued that there was no evidence to establish a mutuality in the making of a contract for the sale of a certain Nash automobile. The law is, as is contended for by appellant's counsel, there must be a meeting of the minds of competent contracting parties, before a valid binding contract can be said to exist. To this point authorities cited in appellant's briefs are apt and in point. As to whether these facts constituting a contract exist is often a question of fact to be submitted to a jury. As in this case, plaintiff (appellee) says he made a contract with defendant in all its details for the purchase of a Nash automobile, to be delivered at a subsequent date; that he delivered as part payment another car and 18 cents, and signed 12 different notes for $91 each, together with two other papers; that the whole matter was closed so far as he was concerned, and nothing remained to be done except for defendant to deliver him the new car, which it subsequently refused to do; that defendant still has his 18 cents and his notes and the car he delivered to defendant. Defendant denies this, but, this being the status of the evidence, the affirmative charge was properly refused. So. States F. Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63.

[3] Assignments 12 and 13 refer to remarks of the attorney for plaintiff in his argument to the jury. Defendant objected to the remarks, the court sustained the objection and instructed the jury that they should not consider what the attorney had said. There was no exception reserved, and indeed there could not properly have been one. The ruling was with the defendant. This action of the court does not call for review. Bean v. State, 18 Ala. App. 281, 91 So. 499.

[4] As has heretofore been pointed out, the other assignments of error, not having been properly presented, are waived.

We find no error in the record, and the judgment is affirmed.

Affirmed.