**BARFIELD v. BARTLETT. (5 Div. 707.)**

Court of Appeals of Alabama. Nov. 27, 1928.

Rehearing Denied Dec. 18, 1928.

Hooton & Moon, of Roanoke, for appellant.
D. T. Ware, of Roanoke, for appellee.

BRICKEN, P. J. ▇ Supreme Court Rule 10 (volume 4 of the 1923 Code of Alabama, p. 882), which is applicable to appeals taken to the Court of Appeals, provides that the appellant's brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages of the transcript, and that following this statement the brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on with the names of the parties, and the book and page where reported.

There is a flagrant noncompliance with this rule in respect of the brief filed by the appellant in this cause. Appellant's only attempt to comply with the above-mentioned rule consists of the following "Statement of Facts" in his brief:

"This is a detinue suit; on detinue count, and plea of general issue and set off and recoupment by defendant with allegations of plaintiff of due mortgage and value of property; and defendant generally that he does not owe Barfield or last assignee; verdict for defendant and motion for new trial by plaintiff and overruled by court, appeal by plaintiff."

The appellant assigns for error the actions of the trial court in overruling appellant's demurrers to plea 3, in permitting a certain question to be propounded to a witness on cross-examination, and in overruling appellant's motion for a new trial.

Neither from the "Statement of Facts" quoted above, nor from the "Argument" of the appellant, is this court sufficiently apprised of or presented with the matters which the appellant assigns for error. Speaking of Supreme Court rules 10 and 12, having to do with the manner and form of appellant's briefs, this court has said:

"The rules applicable to the filing of briefs on appeal are simple and easy to understand and to comply with, and they were designed to aid the courts and to facilitate disposition of cases. Where the requirements of rules 10 and 12 are ignored by appellants, this court will not consider the questions noted in the assignments of error." Watson v. Vest, 21 Ala. App. 561, 110 So. 58.

This court cannot be expected to assume the undue burden of searching the transcript of the record to ascertain the propriety, vel non, of the trial court's rulings, where the appellant does not properly present, in his brief, the alleged errors.

▇ Furthermore, the "Argument" of the appellant, in his brief, in substance and effect is nothing more than a repetition of the assignments of error. It has been repeatedly held by the appellate courts of this state that this type of argument does not amount to an insistence of error, does not entitle the appellant to a review of the alleged error, and is a waiver of the assignment of error. Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 133, 69 So. 604, 607; Smith v. Webb, 17 Ala. App. 148, 82 So. 638; Hodge v. Rambo, 155 Ala. 175, 45 So. 678; W. U. Tel. Co. v. Benson, 159 Ala. 254, 48 So. 712; Howell v. Moon, 217 Ala. 421, 116 So. 518.

Affirmed.