**BRYAN v. DAY et al.**

I Div. 785.

Supreme Court of Alabama.
Dec. 21, 1933.

Rehearing Denied Jan. 18, 1934.

D. P. Moore, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

KNIGHT, Justice.

This case was once before in this court, and is reported in 225 Ala. 687, 145 So. 150. The former appeal was by the present appellant. We then reversed and remanded the case, holding that the first, fourth, and fifth counts of the complaint were laid in trespass to realty; that the second count was in trespass to personalty, while the third count was in trover for the conversion of the same property.

On remandment of the case to the circuit court, original counts 6 and 7 were amended, and plaintiff added counts 8, 9, and 10.

The defendant's demurrers to each of said counts were overruled by the court, and the defendant filed (refiled) thereto his pleas 1 and 2, which were originally filed by him on March 31, 1933. Plea 1 was the general issue, and plea 2 was a special plea, attempting to set up justification under legal process. These pleas were refiled on April 22, 1933.

On May 1, 1933, the plaintiff filed demurrers to pleas 1 and 2, the demurrers being directed to both pleas. The court overruled the demurrers, and, on account of this adverse ruling of the court, the plaintiff suffered a nonsuit, with an appeal to this court on the record.

In this court, upon the record, the appellant has made the following assignment of error: "The Circuit Court of Mobile County erred in overruling demurrer of plaintiff to pleas of defendant as refiled to counts one to ten, as shown on page 23 of record."

Manifestly, plea 1, being a plea of the general issue, was not subject to demurrer, and our settled rule is that an assignment of error embracing several rulings, to be sustainable, must be good as to all. Green v. Waynesboro Motor Co., 217 Ala. 348, 116 So. 363; Bobo v. Tally et al., 213 Ala. 83, 104 So. 32; Brown v. Shorter et al., 195 Ala. 692, 71 So. 103; 7 Mayfield's Digest, page 25. This rule, therefore, forecloses determination here of the sufficiency of defendant's second plea, and leads to an affirmance of the judgment appealed from, without regard to the sufficiency of plea 2, in as much as plea 1—the general issue—was good.

However, in affirming the case, we do not wish to be understood as holding plea 2 to sufficiently comply with the rule of good pleading in its averments with reference to the process under which the defendant attempts to justify his conduct, which was complained of in the several counts of the complaint. The appellee seems to be of the opinion that nothing else could have been averred in the plea to make it more fully appear that the process was regular on its face and issued by competent authority. A casual reading of the plea will serve to show that it nowhere appears in the plea that "the complaint" was filed in a suit against the said Bryan; for aught appearing, it may have been filed against a third party. Pleadings must be construed most strongly against the pleader. While the plea does aver that the sheriff of Mobile county, acting through his deputies, executed the said writ of detinue or legal process issued out of the circuit court of Mobile, yet the plea, as a matter of fact, nowhere avers that the clerk of the circuit court issued a writ of detinue in the suit of the defendant against the said Bryan for the automobile. A plea of justification, to be good as against proper demurrer, must show a process regular on its face, and issued by competent authority.

The description of the process must be sufficiently certain and definite to identify it; and, when it is against a person other than the party claiming and suing, there should be an averment that the property taken was the property of the defendant in the process, or that it is liable thereto. A plea of justification, to be sufficient, must set forth matter which, if proved, would constitute a full defense to the action. Harrison v. Davis, 2 Stew. 350; Daniel v. Hardwick, 88 Ala. 557, 7 So. 188; Olmstead v. Thompson, 91 Ala. 130, 8 So. 755; West v. Hayes, 120 Ala. 97, 23 So. 727, 74 Am. St. Rep. 24; Gillespie v. McClesky, 160 Ala. 289, 49 So. 362.

For the reasons stated above, however, the judgment of the circuit court must be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.