34 So.2d 182

### WHITE v. WHITE.
### 7 Div. 932.

Court of Appeals of Alabama.
Feb. 24, 1948.

404

Roy D. McCord, of Gadsden, for appellant.

Hugh Reed, Jr., of Centre, for appellee.

CARR, Judge.

This is a suit by Dora White, as the executrix of the estate of her mother, Eula White, deceased, against her brother, William Y. White.

The issues were submitted to the jury under counts one and three of the complaint. The former claimed for money loaned to defendant by the deceased mother. The latter was for alleged conversion of personal property.

The verdict of the jury was in favor of the plaintiff under both counts.

■ The court permitted the executrix to answer that her mother loaned some money to the appellant. The admissibility vel non of this testimony aside, it related to a fact that was not in dispute in the evidence. The defendant subsequently testified that he borrowed $100 from his mother. Herring v. State, 242 Ala. 85, 5 So.2d 104;

Bankhead v. State, ante, p. 269, 32 So.2d 814.

■ On cross examination the appellant was required to answer this question: "Did you ever mention that to your sister Mattie Newton that you had this check?" There is a bare reference to this matter in brief of counsel. Under the rule it is not sufficiently urged to invite our review. Barfield v. Bartlett, 23 Ala.App. 9, 119 So. 696. Be this as it may, the inquiry did not infringe upon the privilege of wide latitude of cross examination. Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480.

■■ It appears that "an outburst" occurred in the courtroom at the close of the argument of appellant's counsel. The record does not indicate the nature or extent of the demonstration. The trial judge, on his own initiative, took prompt and firm action to destroy any possible influence which may have lodged in the minds of the jury by reason of the incident. The appellant did not invoke any ruling of the court, nor did he move for any further instructions.

The appellate courts are permitted to review only such questions as are presented at nisi prius. Lipscomb v. State, 32 Ala. App. 623, 29 So.2d 145.

■ While appellee's counsel was arguing to the jury, the opposing attorney stated: "We object to him referring to 'afflicted sister.' There has been no testimony about that and no reference to it by us." This objection to only a fragmentary portion of the assertion does not apprize us of the content or purport of the statement. Pate v. State, 32 Ala.App. 365, 26 So.2d 214.

■ It is not amiss to observe that reference was made in the evidence to the physical handicap of the executrix, and also she testified as a witness in the case and the jury was privileged to observe her condition. Clearly, counsel could make comment in argument on this evidential fact.

We have responded to each insistence which is presented by assignments of error.

The judgment of the court below is ordered affirmed.

Affirmed.