44 So.2d 260

### GARRETT v. STATE.

#### 7 Div. 996.

Court of Appeals of Alabama.

Feb. 7, 1950.

142

Roberts & Cunningham and L. Charles Wright, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Judge.

The accused was indicted on a charge of murder in the first degree and convicted of manslaughter in the first degree.

The appellant and Mrs. Louise Perry started out in an automobile about 4:20 P. M. on September 18, 1948. Before going very far the defendant bought a pint of whiskey. The couple traveled about twenty-five miles, drinking some of the whiskey at intervals.

Mr. and Mrs. Waters, husband and wife, were walking along the highway well off of the vehicular traveled portion of the road. As the appellant approached the couple and came in close proximity to them, his automobile suddenly left the pavement, veered sharply to the right for several feet, and struck both Mr. and Mrs. Waters. The car was steered back into the highway and, without stopping, continued on down the road for some distance.

It appears that engine trouble developed and the appellant's car finally stopped. It was then that the officers apprehended the defendant and took him into custody.

Both Mr. and Mrs. Waters died a few hours subsequent to the awful tragedy that befell them.

The indictment in the instant case is based on the death of Mrs. Waters.

The evidence we have delineated was related by Mrs. Louise Perry who was called at the trial below as a witness for the State. There were corroborations in some aspects by the testimony of some parties who were standing near enough to the place of the injuries to observe what occurred. The lo-

cale of the scene, which was examined promptly after the collision, also disclosed marks and conditions which tended to corroborate Mrs. Perry's testimony.

The appellant made no denial of the facts we have related. He testified that soon after he had taken the third drink of whiskey he experienced a mental blackout and did not know anything that occurred subsequently. He regained consciousness when he was in jail, according to his testimony.

■ Counsel for appellant devotes much space in his brief to the insistence that the accused was due the general affirmative charge as to murder in the first and second degrees. The verdict of the jury obviates a review of this position. 11 Alabama Digest, Homicide, ☞341.

■ The affirmative charge as to manslaughter in the first degree was requested. This written instruction appears in the record under the heading "Refused Charges" and is included under this heading with many other refused charges. However, this particular instruction does not contain the endorsement "refused" and the name of the trial judge. Sec. 273, Title 7, Code 1940; Kiker v. State, 233 Ala. 448, 172 So. 290; White v. State, 24 Ala.App. 575, 139 So. 113.

■ We are frank to state that, under the evidence, the accused was not due the general affirmative charge as to manslaughter in the first degree. Gills v. State, ante, p. 119, 45 So.2d 44.

■ It is not necessary to go into a detailed discussion of the rulings of the court in connection with the introduction of the testimony. Each of these questions related to matters which were not in dispute in the evidence. Jones v. State, 23 Ala.App. 395, 126 So. 178; White v. White, 33 Ala.App. 403, 34 So.2d 182; Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579; Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ In his argument to the jury appellant's counsel made this statement: "The State of Alabama is in the liquor business and advertises it so." The court sustained the solicitor's objection and excluded the remarks from the jury's consideration. A part of the assertion is true and the court takes judicial notice of the fact. However, the statement had no place in the argument of counsel. It was clearly beside the factual issues involved in the proceedings.

We come now to consider the written instructions which were refused to appellant. Many of these appear in the record without bearing numbers. We have numbered them for designation on review.

■ Some of the charges relate to the offense of murder. As indicated hereinabove, these are inapplicable in view of the verdict of the jury.

■ The following charges are not hypothesized on the evidence: 3, 7, 9, 12, 13, and N-3. Edwards v. State, 205 Ala. 160, 87 So. 179.

■ Charges J-6 and 2 confine a determination of the guilt of the defendant to the testimony of the State's witnesses alone. The entire evidence was before the jury for consideration. Berry v. State, 27 Ala.App. 507, 175 So. 407.

■ The plea of insanity was not imposed as a defense. For this reason, if for none other, charge number 1 was properly refused.

■ The State did not rely on circumstantial evidence for a conviction. Charges M-2, N-5, and I-3 attempt to invoke this doctrine.

■ Refused charge G-2 is argumentative.

■ The remaining charges were substantially and fairly covered by the oral instructions of the court or by written charges given at the instance of the defendant. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

At the request of the accused the court gave thirty-five written instructions. In addition he delivered a full, comprehensive, and able oral charge. Each legal doctrine applicable to the issues in the case was accurately and fully explained to the jury.

That the accused was accorded a fair and just trial is strikingly apparent.

The judgment of the court below is due to be affirmed. It is so ordered.

Affirmed.