47 So.2d 708

**ARRICK et al. v. FANNING.**

**8 Div. 888.**

Court of Appeals of Alabama.
Aug. 8, 1950.

Carl A. Morring, Jr., of Huntsville, for appellants.

Griffin, Ford, Caldwell & Ford, of Huntsville, for appellee.

v. Blackwell, 211 Ala. 216, 100 So. 215; Ex parte Margart, 207 Ala. 604, 93 So. 505; First National Bank of Lawrenceburg, Tenn. v. Morrow et al., 19 Ala.App. 459, 98 So. 34.

■ Some of the assignments of error are based on questions which could only be raised by a motion for a new trial. To illustrate: "The verdict of the jury is contrary to the great weight of the evidence." Orman et al. v. Scharnagel, 210 Ala. 381, 98 So. 123; Aldridge v. Seaborn, Ala.Sup. 46 So.2d 424. "The amount of damages awarded the appellee was excessive." Central of Georgia R. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Powell v. Bingham, 29 Ala.App. 248, 196 So. 154.

We will, therefore, pretermit any response to these assignments and others to like effect.

■ Some of the assignments are not stressed in appellants' brief. These, also, will be omitted in our review. Rules of Practice in Supreme Court, rule 10, Code 1940, Tit. 7 Appendix; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974; Christ v. Spizman, 33 Ala. App. 586, 35 So.2d 568.

■ Appellants' request for the general affirmative charge was refused.

CARR, Judge.

This is a suit for property damages incident to a collision of two trucks.

In the court below there was a judgment in favor of the plaintiff.

The judgment was entered on November 10, 1949. On December 10, 1949 the defendant filed a motion for a new trial. This document bears the filing endorsement of the clerk of the court. The motion was not called to the attention of the trial judge, nor was an order entered continuing it for hearing to a future day. Title 13, Sec. 119, Code 1940.

On December 15, 1949 the plaintiff filed a motion to strike the motion for a new trial. The indicated omissions were stated as grounds for the motion. On January 4, 1950 the trial court granted the motion to strike and held for naught the motion for a new trial.

■ It was not incumbent on the clerk of the court to call the motion for a new trial to the attention of the trial judge. This duty was imposed upon the movant. The statute supra makes specific mandatory provisions with which there was no compliance. The failure in this respect terminated the power of the court, in the instant case, to act upon the merits of the motion for a new trial. Kelley v. Chavis, 225 Ala. 218, 142 So. 423; Southern R. Co.

The collision between the two trucks occurred at or near the intersection of crossroads. Both vehicles were proceeding in the same direction. Appellants' truck was in the rear. When the two trucks neared or reached the crossroad intersection, appellee attempted to turn to his left into the intersecting highway. Appellants' agent at approximately the same time was in the act of passing the forward vehicle to its left. The collision followed.

There is much conflict in the evidence as to whether or not the appellee observed the provisions of Title 36, Sec. 16, Subsec. (a) and Title 36, Sec. 17, Subsecs. (a) and (b) when he was about to make the left turn into another lane of travel.

It should be noted that the above sections were amended by Act No. 517, Gen-

eral & Local Laws, Regular Session 1949, p. 754.

A study and consideration of the evidence in the manner in which it appears in the record convinces us that the appellants were not due the general affirmative charge.

The accuracy of our review has been very much hindered by the absence in the record of a map or diagram which was used in the trial below. This was a drawing of the intersection of the two highways and the locale of the collision. Witnesses were interrogated while this diagram was on display. This is a fair illustration:

"Q. I see. I will use the same diagram Mr. Caldwell drew for you there just so we'll have something to go by. Assuming this is the main highway, as he has pointed out to you a while ago going north, and this is the cross-roads, how far back here did you start turning to the left? A. I waited until I got almost to where I wanted to turn off and I turned off that way.

"Q. At a point right here? A. No, I went up here and turned.

"Q. Where was your car when it was struck? A. Right here, right at the edge of the pavement, almost the edge of it.

"Q. Make a mark or designate where the point of impact was. Did you say right there and is this line where the pavement was? A. Close to the edge of the pavement.

"Q. You started turning here? A. Yes sir.

"Q. Put an X where you first started turning to the left. A. As far as I remember it was right there."

Frequently witnesses were requested to estimate distances by pointing out objects in the courtroom and out on the streets. There is no indication in the record as to the number of feet or yards these objects were located from the witness stand.

■ In its final analysis we have a record which shows on its face that it does not contain all the evidence. Under these circumstances the question of the refusal of the affirmative charge is not open for review. Chambers v. Home Ins. Co. of New York, 241 Ala. 20, 1 So.2d 15; Senn v. State, Ala.App., 43 So.2d 540;[1] Hale v. Tennessee Coal, Iron & R. Co., 183 Ala. 507, 62 So. 783; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Downey v. Johnson, 31 Ala.App. 514, 19 So.2d 85; Schmidt v. Mobile Light & R. Co., 204 Ala. 694, 87 So. 181; Birmingham Ry. Light & Power Co. v. Canfield, 177 Ala. 422, 59 So. 217; Southern R. Co. v. E. L. Kendall & Co., 14 Ala.App. 242, 69 So. 328; Seaboard Air Line R. Co. v. Pemberton, 202 Ala. 55, 79 So. 393.

■ It is true the diagram was not formally introduced as an exhibit in the evidence. However, the nature and character of its frequent use compelled its introduction. Taylor v. State, 249 Ala. 130, 30 So.2d 256; Kabase v. State, 31 Ala. App. 77, 12 So.2d 758; Davis v. State, Ala.App., 44 So.2d 275.[2]

■ Assignment of error No. 2 is as follows: "The court erred in admitting the testimony of the appellee concerning the rental value of a truck over the objection of the appellants to which said action exception was duly taken."

This assignment is too general to invite review. Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371; Morgan Plan Co. v. Accounts Supervision Co., 34 Ala.App. 457, 41 So.2d 424.

■ Assignments of error numbered 3 to 8, inclusive, are predicated on the court's rulings incident to the introduction of evidence.

The court permitted the appellee to answer this question in the affirmative: "If you held out your left arm, as you say you did, and the body of the truck only extended out about a foot beyond the cab, your left arm extended further to the left than the left edge of the bed of the truck?"

The ground interposed in the objection is that it "calls for the conclusion and opinion of the witness."

The appellee testified that he had been driving trucks for sixteen years. He stated

1. Ante, p. 62.

2. Ante, p. 144.

that the bed of his truck extended about a foot beyond the cab on his left side.

We do not think that the question called for an unauthorized conclusion of the witness.

This aside, the appellee had previously stated facts upon which he based his answer. Haas Bros. v. Craft, 9 Ala.App. 404, 64 So. 163.

■ A witness who had been a mechanic for twenty years was permitted, over appellants' objections, to answer this question: "In your best judgment what was the value of the parts that in your judgment it would take to repair that truck?"

It is true that the measure of damages for injury to property is generally the difference in the reasonable market value immediately before and after the injury. However, evidence of the amount required to make necessary repairs is an evidential factor which the jury is authorized to consider in arriving at the true measure of damages. Birmingham Ry. Light & Power Co. v. Sprague, 196 Ala. 148, 72 So. 96.

The court in his oral charge did not leave the jury in doubt as to the legal rule. He charged: "He claims personal damages for injuries to his personal property and the yard stick by which you are controlled in these cases under the law, that is, the measure of damages, is the difference in value of property immediately before the accident and immediately after the accident."

■ After this witness had completed his direct examination and proceeded at some length on cross, counsel for appellants made this motion: "He isn't qualified to testify as to damages in this case, and we move it be stricken."

This motion was too general. Without objections the witness had given considerable evidence with reference to the damages to appellee's truck. Much of this was on cross-examination. Without question the motion was properly overruled. Baxter v. Wilson, ante, p 196, 45 So.2d 474.

■ Roy Hambrick was one of the occupants of appellants' truck at the time of the collision. He testified that he was in the act of rolling a cigarette and was not closely observing the vehicle ahead as they neared the highway intersection. He stated that he did not see the appellee "stick out his hand." Under these circumstances and in this state of the record, it was not error for the court to disallow the witness to answer this question: "If a hand had been stuck out or some signal like that, could you have seen it?"

■ The highway patrolman reached the scene in about thirty minutes after the collision. He did not find any discernible vehicle track except at the point of impact. Neither did he see any skid marks. The conditions and markings that the patrolman observed did not authorize him to accurately answer this question: "Then the Fanning (appellee's) truck started the turn prior to reaching the center line of the crossroad?"

■ Assignments of error numbered 15, 26, 27, and 35 are based on the refusal of written charges numbered 5, 16, 17, and 26.

None of these instructions is based on the evidence. They contain only abstract statements.

The authorities are committed to the holding that it is never reversible error for the court to refuse a charge which is not hypothesized on the evidence and which merely states an abstract proposition of law without further instructions in respect to its application to the issues in the case. Fleetwood v. Pacific Mut. Life Ins. Co., 246 Ala. 571, 21 So.2d 696, 159 A.L.R. 171; Claude Jones & Son et al. v. Lair, 245 Ala. 441, 17 So.2d 577; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Streetman v. Bowdon et al., 239 Ala. 359, 194 So. 831; Lehigh Portland Cement Co. v. Donaldson, 231 Ala. 242, 164 So. 97; Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693; Smith v. Lilley, 252 Ala. 425, 41 So.2d 175.

The judgment of the court below is due to be affirmed. It is so ordered.

Affirmed.