50 So.2d 777

## TUCKER v. CITY OF BIRMINGHAM.
### 6 Div. 7.

Court of Appeals of Alabama.
Dec. 19, 1950.

Rehearing Denied Jan. 23, 1951.

Wm. Conway, of Birmingham, for appellant.

Chas. H. Brown, of Birmingham, for appellee.

CARR, Judge.

The accused was convicted in the circuit court on a charge of possessing lottery tickets in violation of Section 600 of the General City Code of Birmingham, Alabama.

Police Officer McCoy Helton testified that he arrested the appellant in the City of Birmingham and at the time took from his person an envelope containing numerous tickets and some money. These were exhibited in court and explained in detail by an expert witness. They were introduced in evidence and copied into the appeal record.

The appellant denied that he had the possession of this envelope and disclaimed any connection with the operation of a lottery.

It appears that Mr. Helton delivered the indicated envelope to Officer Abe Goldstein. The former so testified and stated also that the contents were in no manner disturbed before reaching the possession of the latter.

█ Officer Goldstein was permitted to answer, over objections, that when he received the envelope from Helton it contained five dollars and twenty-five cents in addition to the lottery tickets. The money was evidence constituting a part of the res gestae of the finding by Officer Helton. The package was in the same condition when delivered to Mr. Goldstein. The ruling of the court did not violate the rule against the introduction of hearsay evidence.

Assignment of error number 7 includes six different rulings of the court in connection with the introduction of evidence.

█ It is a familiar rule that if more than one claimed error is included in one assignment nothing can avail appellant unless each insistence is meritorious. In other words, an assignment of error must fail if it is good in part and bad in part. Bryan v. Day, 228 Ala. 91, 151 So. 854; Jordan v. Rice, 165 Ala. 650, 51 So. 517; Irwin v. Morrow, 19 Ala.App. 115, 95 So. 496.

Officer Goldstein was permitted to explain to the court and jury the method and technique of operating a lottery. The grounds interposed to the objections were: The general grounds; "it is imaginary; not shown that this witness is properly qualified to so answer."

The witness testified that he had been a police officer in the City of Birmingham for 28 years and on special detail for 12 years of this time on the gambling squad.

█ We have reviewed several cases involving lottery violations in which we held that this same witness was qualified to give evidence similar in import to that about which complaint is made in the instant case. Ford v. City of Birmingham, Ala.App., 47 So.2d 287;[1] Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d 115. See also, Reynolds v. State, 29 Ala. App. 139, 193 So. 192.

Insistence is made that the court erred in giving the following charge at the request of the City: "I charge you gentlemen of the jury that any reasonable doubt in your mind applicable to this case must be a doubt growing out of the evidence and may not be a doubt occurring to you

1. Ante, p. 371.

from any source other than from the evidence in this case."

Counsel states in brief: "This charge is erroneous because it ignores the proposition of law that the jury may entertain a reasonable doubt from lack of evidence in the case; it ignores the burden of proof which rests upon the prosecution."

 If the charge is lacking in the manner suggested, counsel could have remedied this defect by the request for an explanatory instruction. Conner v. Foregger, 242 Ala. 275, 7 So.2d 856; Moore v. Cruit, 238 Ala. 414, 191 So. 252; Evans v. State, 17 Ala.App. 141, 82 So. 625; Emergency Aid Life Ass'n v. Gamble, 34 Ala.App. 377, 40 So.2d 887.

Charge number 3 refused to appellant was properly disallowed. It clearly is a charge on the effect of the evidence and is contrary to the established proof.

Written instruction number 15 was refused without error. The mere fact that the witnesses were employees of the City of Birmingham did not of itself constitute a basis for an "interest in obtaining a conviction in this case." There was no evidence that either of the police officers who testified had any pecuniary interest in the outcome of the case.

Counsel makes a novel observation in this connection. He states in brief: "The witnesses Helton and Goldstein were each employees of the City of Birmingham and were therefore interested witnesses in the outcome of the case and that in the event of a money fine such money would be paid into the general fund of the city of Birmingham and therefore written charge 15 should have been given. Shepard v. State, 20 Ala.App. 627, 104 So. 674.

In the Shepart case it was established by the proof that the witness Jake Thompson was working on a commission basis and would receive a fee of fifty dollars in the event of a conviction.

The delineation of the tendencies of the evidence appearing supra will demonstrate clearly the propriety of the action of the court in refusing the general affirmative charge in the defendant's behalf.

We have responded to each presented question.

It is ordered that the judgment below be affirmed.

Affirmed.