82 So.2d 313

### Annie GRIMES
v.
### James Robert JACKSON.
4 Div. 272.

Court of Appeals of Alabama.

Dec. 14, 1954.

Rehearing Denied Jan. 11, 1955.

Affirmed After Remandment Aug. 30, 1955.

Alice L. Anderson, Enterprise, for appellant.

Braxton B. Rowe, Enterprise, for appellee.

CARR, Presiding Judge.

In the court below the plaintiff recovered a judgment against the defendant in a suit for malicious prosecution.

The appellant here (defendant below) asserts error on the following:

"1. The court erred in denying appellant's motion for a new trial set out on page 62 of the transcript herein. As reasons for the error of said court, the appellant sets forth the following a. The evidence in said cause is insufficient to support the verdict or judgment rendered therein.

"(b) The admission of the court of evidence, over objections and exceptions of appellant, which tended to show so called malicious acts of appellant subsequent to the time she swore out the so-called warrant for appellee.

"(c) The court erred in admitting evidence concerning a crop rented by appellee from J. F. Grimes."

It appears above that three matters or questions are made the subject of one assignment of error. Under these circumstances each insistence must be meritorious. In other words, a single assignment cannot be good in part and bad in part. Bryan v. Day, 228 Ala. 91, 151 So. 854; White v. Henry, 255 Ala. 7, 49 So.2d 779; Tucker v. City of Birmingham, 35 Ala.App. 540, 50 So.2d 777.

It is clearly apparent that subsections (b) and (c), supra, are not sufficiently specific to invite review.

It is the rule in the appellate courts of this state that an assignment of error which does not succinctly point out error complained of with sufficient clearness will not be reviewed on appeal. Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371; Jones v. Daniel, 34 Ala.App. 490, 41 So.2d 627; Baxter v. Wilson, 35 Ala.App. 196, 45 So.2d 474; Arrick v. Fanning, 35 Ala. App. 409, 47 So.2d 708; Keel v. State, 35 Ala.App. 515, 49 So.2d 320.

It follows therefore that all of assignment of error numbered 1 must fall under the weight of the unmeritorious character of the indicated subsections.

We think that another approach to this review would require an affirmance of the judgment below.

Appellant's attorney devotes about one-half page of legal cap paper, typed in double space, to "argument." It is extremely doubtful if the requirements of the rule are met. Powell v. Bingham, 29 Ala. App. 248, 196 So. 154; Thomas Frazer Lumber Co. v. Henson, 4 Ala.App. 625, 58 So. 812; Barfield v. Bartlett, 23 Ala.App. 9, 119 So. 696; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604.

The judgment below is ordered affirmed.

Affirmed.

## After Remandment

HARWOOD, Presiding Judge.

In its opinion reversing and remanding this cause to us the Supreme Court has disagreed with our conclusion that the attempted assignments of error were joint.

We are yet of the opinion that assignments (b) and (c) are palpably insufficient to invite review, and since the Supreme Court has expressed no opinion as to our conclusions on these assignments, we adhere to our former views.

This then leaves only assignment a, which alleges as error the action of the court in overruling appellant's motion for a new trial because of the insufficiency of the evidence to support the verdict and judgment.

The Supreme Court states in its opinion:

"A general assignment of error on appeal grounded on the refusal of the trial court to grant a motion for a new trial is sufficient to invite a review of the ruling on the basis of any ground well stated in the motion and properly argued by appellant; that is, when the motion for new trial is sufficient to specify the precise error alleged to have occurred, a general assignment of error on appeal for refusing the motion is sufficient to bring up for review those matters so precisely set out in the motion. See also Peoples Tel. Co. v. Buchanon, 37 Ala.App. 371, 374, 68 So.2d 854. Cf. Groover v. Darden, 259 Ala. 607, 68 So.2d 28."

Even so, only those assignments brought forward in appellant's brief will be considered on appeal. This is fundamental and requires no citation.

Therefore, while an assignment to the effect that the lower court erred in overruling appellant's motion for a new trial is an indirect assignment of each ground of the motion, a reviewing court will only review those grounds of the motion brought forward in the brief. Such is the import of the authorities cited in the opinion of the Supreme Court.

The appellant's brief consists of a "Statement of Facts", a "Statement of Law", and "Argument".

The "Statement of Law" consists of some four propositions setting forth general legal principles.

The entire "Argument" is as follows:

"The appellant in this cause was very much prejudiced in this cause by the repeated admission of testimony by the appellee of so called malicious acts committed by the appellant after the purported vagrancy charges was sworn out. Now furthermore the appellant was prejudiced by the testimony herein concerning a crop with which she was not connected.

"The appellant herein gave the Justice of the Peace the true facts concerning this matter, she only testified to such facts before him; and he either found the appellee guilty or bound him over to the action Grand Jury. (There is much confusion in this testimony on this point.) Furthermore the said appellant was physically unable to testify before the said Grand Jury.

"If a trial or hearing was had in this cause, since the Justice Court had the original jurisdiction of the vagrancy charge, it should have been appealed to the Circuit Court. And the court had no jurisdiction to render a judgment binding the appellee over to the action of the Grand Jury. In conclusion it might be said, especially since

the appellee joined issue and introduced in issue the charge of adultery or fornication, that the appellant had good probable cause for believing the appellee guilty."

We can find nothing in the above argument in anywise shedding light on the error assigned in assignment a. Such defect prevents our review.

Affirmed.