82 So.2d 315

Annie GRIMES

v.

James Robert JACKSON.

4 Div. 823.

Supreme Court of Alabama.

June 16, 1955.

Alice L. Anderson, Enterprise, for petitioner.

Braxton B. Rowe, Enterprise, opposed.

SIMPSON, Justice.

Certiorari to the Court of Appeals.

It was the opinion of the Court of Appeals that the three matters numbered a, b, and c under § 1 constituted but one assignment of error and that since two of these assignments were bad, the entire assignment of error was of no avail. Bryan v. Day, 228 Ala. 91, 151 So. 854; White v. Henry, 255 Ala. 7, 49 So.2d 779; Tucker v. City of Birmingham, 35 Ala.App. 540, 50 So.2d 777.

■■ Without deciding whether or not assignments b and c were too general to invite review, we note that it is stated in the beginning of § 1 that "the court erred in denying appellant's motion for a new trial set out on page 62 of the transcript herein." This assignment had the effect of raising as a distinct assignment of error every ground stated in the motion for new trial except that the verdict was contrary to law. Of such is the import of the celebrated case of Cobb v. Malone, 92 Ala. 630, 9 So. 738. A general assignment of error on appeal grounded on the refusal of the trial court to grant a motion for a new trial is sufficient to invite a review of the ruling on the basis of any ground well stated in the motion and properly argued by appellant; that is, when the motion for new trial is sufficient to specify the precise error alleged to have occurred, a general assignment of error on appeal for refusing the motion is sufficient to bring up for review those matters so precisely set out in the motion. See also Peoples Tel. Co. v. Buchanon, 37 Ala.App. 371, 374, 68 So.2d 854. Cf. Groover v. Darden, 259 Ala. 607, 68 So.2d 28.

We think, therefore, that the Court of Appeals should have treated all points

properly raised by the motion for new trial and argued in that court. Of consequence the judgment of that court must be reversed.

Reversed and remanded.

All the Justices concur.