This is a property damages case.
Albert and Myrtle Garner sued Kent Excavation (Kent) for damages for personal injury and property damage arising out of a blast detonated by Kent. The jury awarded the Garners $3,250 in personal injury damages and $5,000 in property damages. The Garners appeal the property damage award, contending the trial court incorrectly stated the measure of damages in its charge to the jury. They do not challenge the amount of the personal injury damage award. We affirm.
In June 1983 Kent was awarded a contract to do excavation work in the Irondale area of Jefferson County in preparation for the building of Interstate Highway 20. Kent conducted extensive blasting in connection with this work. On October 5, 1984 one of Kent's blasts "blew out," sending a shower of dirt and rocks onto the Garners' property. Both of the Garners were outside at the time and were hit be small rocks. They had no prior warning of the blast except for a signal a few seconds before the blast. One large rock knocked a hole in the roof of the Garners' home. Another went through the corrugated metal roof on the garage and then penetrated the roof of a motor home parked inside the garage.
At trial Kent admitted liability on all counts but contested the amount of damages due on each. Both parties introduced *Page 1034 
photographs of the home, showing cracks in the walls, the foundation, the chimney, and the driveway. The parties disputed over how much of this damage, if any, was caused by the blast. The jury returned a verdict awarding Myrtle Garner $3,000 in personal injury damages and awarding Albert Garner $250 in personal injury damages. The Garners do not challenge this portion of the verdict. The jury fixed damages on the property claim at $5,000.
The Garners contend the $5,000 property damage award should be reversed and a new trial awarded on that issue because the trial judge's charge to the jury incorrectly stated the law of damages. The Garners argued in their brief that the only issue in this case is:
 "`Whether the trial court erred in charging the jury that in determining damages to real property the cost of repairs is an item for their consideration in ascertaining the difference between the fair market value of the property before the injury as opposed to its fair market value after the injury.'"
In our view, the trial court made no such error and must be affirmed. In a trespass action for damage to real property, the proper measure of damages is the difference between the fair market value of the property before the injury and the fair market value of the property after the injury. Nelson Brothers,Inc. v. Busby, 513 So.2d 1015 (Ala. 1987); Dooley v. Ard OilCo., 444 So.2d 847 (Ala. 1983); Borland v. Sanders Lead Co.,369 So.2d 523 (Ala. 1979). Here, the trial court charged the jury, in pertinent part:
 "Now, in dealing with real property, a measure of damages which the law provides for is as follows: And here when I said real property, if I refer to it as that, we are only talking about the house, because there is no claim for damage to the land itself. The measure of damages or damage, in this instance to the house, is the difference in the reasonable market value of the house immediately before its damage and the reasonable market value of the house immediately after its damage, if you find that it was so damaged.
 "So, to summarize that, I will say this: You would look to before reasonable market value of the home, that is, before there was any blast, immediately before, then the reasonable market value of the home immediately after the blast in its damaged condition, if you find that it was so damaged. Then the difference is a legal measure for damages for the jury's consideration along with all the other evidence in the case reflecting upon any such damage to the home." (emphasis added)
The court then began to discuss the measure of damages as to the personal property involved (the motor home).
At the conclusion of this discussion, the court made the following statement:
 "Now, in addition to that, I'll charge you this, ladies and gentlemen, that evidence of the amount required to make necessary repairs is an evidentiary factor for your consideration which you are authorized to consider in arriving at the damage sustained in the case if you are reasonably further satisfied that the repairs that were made fully repaired the damage that was claimed."
The Garners made timely objection on the grounds that cost of repairs is not a proper measure of damages to real property. As noted above, the proper measure of damages for injury to real property is the difference between the fair market value of the property immediately prior to and immediately after the injury. The same measure of damages applies when personal property is injured. Sunshine Homes v. Hogan, 408 So.2d 149 (Ala.Civ.App. 1981); Arrick v. Fanning, 35 Ala. App. 409, 47 So.2d 708 (1950). However, where personal property is involved, the cost of necessary repair is an evidentiary factor which a jury may consider in determining the proper measure of damages.McCullough v. L N Railroad, 396 So.2d 683 (Ala. 1981);Arrick, supra.
The trial court did not state that the cost of repair was to be the measure of damages. It described the cost of repair as *Page 1035 
"an evidentiary factor" in determining damages. The statement immediately followed the trial court's discussion of the measure of damages as to the personal property involved. While the court did not specifically state that the cost of repairs is an evidentiary factor only in determining damages to personal property, the statement was sufficiently remote from the court's discussion of the real property damage to prevent confusion of the jury. Moreover, the jury was entitled to consider cost of repairs in calculating the personal property damages, and, due to its location in the oral charge, we deem the statement about cost of repairs being an evidentiary factor to be a reference to the measure of damages for injury to personal property which correctly stated the law as set out inMcCullough, supra.
The actual award of damages by the jury supports our analysis of the court's charge on damages. Mr. Garner testified the cost of repairing the motor home was $601. The evidence showed the cost of repairs on the house was less than $2,000. The jury awarded $5,000 in property damage. Had the jury followed the cost of repair measure of damages, the award would have been less than $3,000. We must uphold a jury verdict unless it is so contrary to the great weight of the evidence as to be palpably wrong and manifestly unjust. Nelson Brothers, supra.
As we find no error in the trial court's charge to the jury, its judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.